### HAMPTON et ux. v. GUARANTY STATE BUILDING & LOAN ASS'N.

#### No. 3858.

Court of Civil Appeals of Texas. Amarillo.

Oct. 18, 1933.

Killough & Dotson and W. D. Hollars, all of Vernon, for appellants.

Berry, Warlick & Gossett, of Vernon, and Weeks, Morrow, Francis & Hankerson, of Wichita Falls, for appellee.

MARTIN, Justice.

This is a penalty suit, based upon the alleged collection of usurious interest.

Appellee, on all the dates mentioned herein, was a building and loan association, duly and legally chartered, and doing business as such under the laws of the state of Texas. Two loan transactions are involved in this appeal. A discussion of one disposes of both, and the larger only will be described. Concerning this appellants alleged, in part:

"Plaintiffs allege that before the defendant would lend them the $7,500.00 above mentioned, it required the plaintiffs to subscribe for the purchase of 113 shares of capital stock in the defendant corporation and agree to pay for same the sum of $56.50 per month. That the defendant well knew that the plaintiffs did not desire to purchase any shares of capital stock in the defendant corporation and did not desire to make any investment in the stock of said company, and only desired to borrow the above amount of money. Before the defendant would agree to lend said amount to the plaintiffs it required the plaintiffs to agree to purchase said amount of capital stock in the defendant corporation and agree to pay the defendant said sum of $56.50 per month. That it was further agreed that when the amount paid in on the said capital stock by the plaintiffs should amount to the sum of $7,500.00, the plaintiffs would have the right to have said amount applied to the payment of the principal of said loan, to-wit: the sum of $7,500.00, but that in the meantime and before the amount paid by plaintiffs in the purchase of said stock should

equal to the sum of $7,500.00, the plaintiffs should pay to the defendant the sum of $62.-50 per month for the use of said $7,500.00, although the plaintiffs were paying to the defendant the sum of $56.50 per month as the purported purchase of said 113 shares of stock and the defendant was using said money during said time. * * *

"That on or about the first day of March, 1926, in compliance with said agreement and contract between the plaintiffs and the defendant, the plaintiffs executed their promissory note in the sum of $7,500.00, dated the first day of March, 1926, and payable to the defendant at the maturity of 113 shares of capital stock of the defendant evidenced by certificate No. 790, said note being payable to the defendant and bearing interest thereon from date until paid at the rate of ten per cent per annum, the interest being payable in equal monthly installments in advance, the installments of interest being payable on the 10th day of each month thereafter. And said note further provided that interest on same after maturity should bear interest at the rate of ten per cent per annum. And further that if default should be made in the payment of any installments of principal or interest, or if any dues or fines which the plaintiffs had agreed to pay on said shares of stock should remain unpaid when due, or if such default in principal or interest, dues or fines should continue for thirty days after due date, then at the option of the legal holder thereof, the whole amount of said note unpaid should at once become due and payable, a true copy of which said note is marked Exhibit A, attached hereto and made a part hereof by reference. * * *

"The plaintiffs further allege that beginning with the first day of March, 1926, they did pay to the defendant the sum of $119.-00 per month on each month thereafter until on or about the first day of January, 1928, said $119.00 per month being the $56.50 per month which was denominated dues on the shares of capital stock which the plaintiffs had agreed to purchase and the $62.50 was the interest on said $7,500.-00 so borrowed by the plaintiffs from the defendant. That in addition to said amount on or about the first day of March, 1926, the plaintiffs paid to the defendant the sum of $334.50 which was called brokerage or commission for making said loan to the plaintiffs. That from the first day of January, 1928, until on or about the first day of June, 1930, the plaintiffs paid to the defendant the sum of $90.50 per month on said contract, which was credited by the defendant $38.00 on the dues for the purchase of the capital stock of the defendant and $52.50 on the interest called for in said note. That during said time the plaintiffs paid to the defendant $1,375.00 as interest on said contract, to January 1, 1928, and $1,343.00 as dues on the payment for said shares of stock. That in addition to said amounts, the plaintiffs paid to the defendant, between the first day of March, 1926, and the first day of June, 1930, $34.59 as fines for failure to pay said amounts provided for in said contract as dues and interest at the time when due. That from the first day of January, 1928, to the first day of January, 1930, the plaintiffs paid to the defendant $52.50 per month which was credited as interest on said loan, and $38.00 per month which was credited as dues on said stock. That during said period the plaintiffs paid to the defendant $1,260.00 as interest and $912.00 as dues on said stock. That from the first day of March, 1926, to the first day of June, 1930, the plaintiffs paid to the defendant $2,347.29 dues on their stock, and $2,635.-00 which was credited by the defendant as interest on said loan, and $334.50, which was denominated brokerage or commission on said contract. That on the first day of June, 1930, the plaintiffs paid to the defendant the sum of $6,315.93 on said contract, being the balance claimed by the defendant as owing on said contract. That the plaintiffs paid to the defendant on said contract the total sum of $10,432.72, besides the sum of $34.39 as fines heretofore mentioned. That said contract was usurious and violated the statutes of the State of Texas with reference to usury and was illegal and void as to provisions of said contract for the collection of interest and other charges for the use of said money. And all of said payments, both credited to interest and to brokerage or commission, and payment of dues should have been credited to the principal of said indebtedness, and on said first day of June, 1930, there was owing to the defendant by the plaintiffs on said loan, the sum of $2,483.21, and on said date the plaintiffs paid to the defendant the sum of $5,315.93 on said contract, being the $2,483.21 owing at said time on the principal of said note after crediting same with the amount paid, and $2,832.-72 paid to the defendant by the plaintiffs as interest for the use of said money. * * *

"That plaintiffs are entitled to recover of and from the defendant the sum of $5,665.44 on said $7,500.00 loan * * * but should plaintiffs be mistaken in alleging that they are entitled to recover twice the amount of the interest so paid by them to the defendant on said contracts, then they allege that they overpaid the defendant in said $7,500.00 loan, the sum of $2,832.72. * * *

"Wherefore, the plaintiffs pray the Court that they have judgment against the defendant for the sum of $5,665.44 on said contract for the sum of $7,500.00. * * * But should plaintiffs be not entitled to this relief, then they pray that they have judgment against the defendant for the sum of $4,036.-01, this being the amount overpaid by them on said two contracts. * * * "

The evidence showed the existence of the note and. the payments substantially as alleged by appellants. Also the execution of a trust deed on real estate which, together with the 113 shares of stock, was given as security for the loan. The evidence as to the entire transaction was uncontradicted, and upon its conclusion the trial court instructed a verdict for appellee, and entered judgment accordingly, from which this appeal was prosecuted.

It is urged here that the payment of brokerage fees, fines, and dues (which were installment payments on the stock subscribed for), in addition to the payment of 10 per cent. interest, rendered the contract and all payments thereunder usurious.

In these matters appellee did no more than the building and loan statute of Texas specifically authorized. See title 24, R. S. 1925, particularly articles 857, 858, and 859.

There is neither pleading nor proof of fraud, accident, or mistake in the execution of the original contract, nor is there any evidence that the transaction was a simulated one. The above question was before the Eastland court recently, and was disposed of adversely to appellants' contention in an able opinion by Judge Hickman, to whose reasoning and discussion we feel unable to add anything. See Continental Savings & Building Association v. Wood (Tex. Civ. App.) 33 S.W.(2d) 770. This holding has been subsequently approved by the Supreme Court Commission. 56 S.W.(2d) 641.

Eliminating the items of brokerage, fines, and the installment payments on the stock, the evidence shows that the interest actually paid by appellants never exceeded 10 per cent. on the $7,500 in any one year during the life of the contract. Appellants voluntarily matured the contract and paid same off in June, 1930. For the last two years of the contract only 8.4 per cent. per annum interest was actually paid on the $7,500.

By the terms of article 5073, R. S. 1925, recovery of a penalty, as here attempted, is permitted only in cases where more than 10 per cent. per annum "shall have been received or collected" within the two years preceding the filing of suit for same. It may be conceded that the provisions of the note for the collection of interest on interest in advance rendered the contract usurious without affecting the disposition of the penalty question. The statute as now written does not authorize the recovery of a penalty for interest collected on a usurious contract, unless such interest exceeds in amount 10 per cent. per annum. Article 5073, R. S. 1925; Simpson v. Grissom (Tex. Civ. App.) 38 S.W.(2d) 1106. In this respect the statute differs from earlier ones upon the subject. See Smith v. Stevens, 81 Tex. 461, 16 S. W. 986.

In addition to the above, appellants contend that the actual payment of interest did not occur in this case until June, 1930, and that, since their case was filed in August, 1931, the two-year statute of limitation already mentioned was thus avoided. They seek to show payment of usury by invoking the well-known rule that all payments of interest on usurious contracts will be applied by law to the discharge of the principal, that, reducing the principal each year by the amount of the interest payments and figuring the interest annually paid thereafter on such balances, more than 10 per cent. was paid, and that the final payment was in large part usurious interest, since the principal had been already materially reduced.

Conceding, but not deciding, that the original contract herein was usurious, appellants could have elected during its existence to stand on their rights under article 5071 and have all payments made as interest credited to the discharge of the principal. Instead, they terminated the contract and elected to sue for a penalty. They are not entitled to both remedies. Wootton v. Jones (Tex. Civ. App.) 286 S. W. 680, 686. Two distinct causes of action of this character could not coexist as would be the effect of a holding that appellants had the right to have all interest applied to the principal and at the same time preserve their right to sue for a penalty. It is perhaps well to state here that the total amount actually paid by appellants was less than the principal and 10 per cent. thereon for the time it ran.

It must be kept in mind that article 5073, R. S., constitutes the only authority appellant has for a penalty suit, and that it contains a specific limitation clause of two years for bringing such actions, as already pointed out. A cause of action accrued and limitation started upon the payment and acceptance as such of interest in excess of 10 per cent. per annum. Stout v. Ennis Nat. Bank, 69 Tex. 384, 8 S. W. 808. The uncontradicted testimony is that the payments already set out were paid as interest and accepted and applied as such. If usurious, limitation started with each payment, and the right to a penalty was barred after two years. The law will not create a new contract for the parties and apply these interest payments contrary to the intention of the parties for the sole purpose of creating a right to a penalty suit. Under one of appellants' theories a cause of action accrued and limitation started, not on the payment of the interest as such, but on the payment of the entire indebtedness called for in the face of the contract. If so, appellants had no cause of action until then, even if they had been paying 20 per cent. interest annually. This is contrary to Stout v. Ennis Nat. Bank, su-

pra. See, also, Rosetti v. Lozano, 96 Tex. 57, 70 S. W. 204. Plainly appellants did not have to wait to sue for a penalty until the entire indebtedness was paid. Looking, therefore, to the facts and circumstances concerning and surrounding the payments herein, we find nothing to justify the conclusion that interest in an amount in excess of 10 per cent. was received or collected within the two years preceding the filing of appellants' suit. It affirmatively appears otherwise, unless the law can apply payments contrary to the implied, if not the express, agreement of the parties.

We find no evidence to raise an issue as contended by appellants of either a fraudulent collection of money from appellants or one based on mutual mistake. This theory is mentioned by appellants, and is perhaps sufficiently raised in their pleadings, but we are referred to no testimony in the record which seems to raise any issue of fact respecting these.

■ What has been said before is based necessarily upon the hypothesis that the contract in question is usurious on its face, which we neither decide nor concede. It was the usual building and loan contract authorized specifically by statute. Under this law a premium may be charged in addition to the legal rate upon loans. Every dollar paid in by appellants, excepting the brokerage, was required by appellee's by-laws, which are made a part of said contract, to be placed in a fund with others of like character and loaned to "holders of installment stock whose applications in writing for loans have been approved by the Board of Directors." The net profits from these loans go back to stockholders pro rata. Every borrower is required to be a stockholder. The appellants in this case received dividends on their stock which aggregated $361.79, and kept same. Such an undertaking has been recently called "mutual" in its operation by the Supreme Court Commission. Prudential Building & Loan Ass'n v. Shaw, 119 Tex. 228, 26 S.W. (2d) 168, 171, 27 S.W.(2d) 157. If so, then the engagement of appellants under their theory impliedly authorized the doing to others of the very thing which they here complain of as a wrong to themselves. Their contract, construed as a whole, seems to admit of no other conclusion.

■ The rule in ordinary usury cases is that the borrower voluntarily making payments is not in pari delicto. Giving full effect to the entire contract of the borrowers, and accepting as true their contention of its usurious character, it is, simply stated, an engagement to pay and to receive usurious interest. We doubt the correctness of the proposition that a business venture of this character may be made the basis of an action for a usury penalty, since an admission of its illegal character places the borrower in such juxtaposition to the unlawful transaction as to make him in law a party thereto. If this places them in pari delicto, the law leaves them where it finds them. Pomeroy's Equity Jurisprudence (4th Ed.) § 929. It is not necessary to expressly so decide, but the particular facts of this case raise an interesting question in this respect.

A transaction similar to the instant one in most of its facts was upheld in a recent case decided by the Eastland Court of Civil Appeals, already adverted to.

The original opinion delivered herein is withdrawn, and this one substituted in lieu thereof.

The judgment is affirmed, and motion for rehearing overruled.