DANIEL FELDMAN, Respondent, v. KINGS HIGHWAY SAVINGS BANK, Appellant. — Action to recover twice the sum of $2,000, which sum of money was paid by plaintiff to defendant, a bank, the claim of the plaintiff being that the payment constituted interest in excess of 6% per annum on an indebtedness owing by him to the defendant. Such action is authorized by subdivision 1 of section 108 of the Banking Law. The admitted pleadings are as follows: The indebtedness, originally in the principal amount of $15,000, was evidenced by a bond and secured by a mortgage, both executed on March 11, 1949. The terms, so far as repayment and payment of interest were concerned, were that the plaintiff was to pay the defendant the sum of $159.10 monthly, to be applied first on account of interest on unpaid balances of principal at the rate of 5% per annum, and the remainder on account of principal; payments were to continue until April 1, 1959, when the entire unpaid balance of principal and interest would be payable; plaintiff was given the right to pay the entire unpaid balance on April 1, 1954, provided he also at that time paid ninety days' additional interest. In March of 1950, plaintiff, while not in default and having arranged for refinancing, offered to pay the entire balance of the indebtedness, but the defendant refused to accept payment and give satisfaction for the debt unless the plaintiff also paid it the additional sum of $2,000, which it characterized as a "prepayment privilege charge." Plaintiff then paid the entire balance of the debt and also the sum of $2,000 as required, and thereafter instituted this action, alleging that the $2,000 was paid "under compulsion, coercion and duress, in order to obtain the satisfaction piece" and that the prepayment charge constituted usury. Order entered October 31, 1950, which, on reargument, granted plaintiff's motion for judgment on the pleadings and denied defendant's cross motion for judgment on the pleadings, insofar as appealed from, reversed on the law and the facts, without costs, plaintiff's motion denied, without costs, and defendant's motion granted, with $10 costs. Appeal from the order entered August 29, 1950, which order was superseded by the order of October 31st, granting reargument, dismissed. The prepayment was not under coercion or duress, but was voluntary. The payment of the $2,000 was not in consideration of the making of a loan or of forbearance of money. It was the converse, that is, for the making of a new and separate agreement, the

termination of the indebtedness. Accordingly, it was not a payment of interest and therefore could not be the basis of a claim of usury. (*Hamilton* v. *Kentucky Tit. Sav. Bank & Trust Co.*, 159 Ky. 680; *McCarty* v. *Mellinkoff*, 118 Cal. App. 11.) Even if it were considered as interest, so long as all payments on account of interest did not aggregate a sum greater than the aggregate of interest that could lawfully have been earned had the debt continued to the earliest maturity date, there would be no usury. (*French* v. *Mortgage Guar. Co.*, 16 Cal. 2d 26; *Barringer* v. *Jefferson Standard Life Ins. Co.*, 9 F. Supp. 493; see, also, discussion in 130 A. L. R., p. 73 *et seq.*; and 6 Williston on Contracts, [Rev. ed.], § 1695, particularly at p. 4801; 27 R. C. L., Usury, p. 235.) Nolan, P. J., Carswell, Johnston, Sneed and Wenzel, JJ., concur.