AGNES LYONS, Respondent, *v.* NATIONAL SAVINGS BANK OF THE CITY OF ALBANY, Appellant.

Third Department, June 13, 1952.

*Roland Ford* for appellant.

*Donald J. Lyons* for respondent.

BREWSTER, J. Appeal by defendant from a judgment of the County Court of Albany County against it and in plaintiff's favor, and from an order of said court which denied defendant's motion for judgment on the pleadings and for summary judgment in its favor for a dismissal of the complaint and directed entry of the judgment appealed from.

Defendant was the owner and holder of a bond and mortgage on plaintiff's realty. The latter had assumed payment of the debt so secured, shortly after her acquisition of the title to the realty from her husband, in and by an agreement made with the defendant mortgagee on March 25, 1949, whereby the terms of payment were extended for five years, and balance of principal unpaid was therein agreed to and made payable in $15 monthly installments with semi-annual payments of accrued interest, with the right and privilege to plaintiff of paying as much as $1,000 of principal, in addition to the monthly installments, during any calendar year of the extended period.

On July 21, 1950, plaintiff sought and offered to make a prepayment to defendant of the entire sum unpaid upon the obligation. This defendant refused unless in addition thereto she would pay a further sum of $105 which was arrived at as a computation of 3% on the original amount of the loan. To this plaintiff agreed and the debt and mortgage securing it were thereupon discharged and satisfied. Plaintiff then began this action under subdivision 1 of section 108 of the Banking Law, charging defendant with usury in exacting payment of the aforesaid sum upon the prepayment of the debt so secured. Therein she sought to and has recovered judgment for twice the entire amount of interest alleged to have been paid.

Concededly, if the $105 paid in consideration of defendant's acceptance of the prepayment of the debt is not to be considered as interest thereon, then no unlawful interest was taken. Even treating it as interest it is not clear from the record before us whether any unlawful interest was taken. Different methods of computation work different results but for the purpose of our decision we adopt the computation made by the court below. However, we do not agree that the sum plaintiff paid in order to effect her prepayment may be considered as interest upon a loan or discount upon an evidence of debt under the statute sued upon, or indeed under the provisions of the General Business Law. (General Business Law, § 371.) It was not exacted in connection with or as a consideration for any loan or forbearance of money or any goods or things in action. As was said in a similar case: " It was the converse, that is, [i.e.]

for the making of a new and separate agreement, [i.e.] the termination of the indebtedness." (*Feldman* v. *Kings Highway Sav. Bank,* 278 App. Div. 589–590, affd. 303 N. Y. 675.) As to the kind of a banking corporation the defendant is, the record before us merely shows it to be one " organized under the Laws of the State of New York ". It does not disclose whether it is a savings bank organized under article VI of the Banking Law. Hence we do not consider the question whether a savings bank so organized is amenable to the provisions of the statute under which plaintiff sued.

The judgment and order should be reversed, on the law and facts, with costs, and defendant's motion for a dismissal of the complaint under rules 112 and 113 of the Rules of Civil Practice, granted.

FOSTER, P. J., HEFFERNAN, BERGAN and COON, JJ., concur.

Judgment and order reversed, on the law and facts, with costs, and defendant's motion for a dismissal of the complaint under rules 112 and 113 of the Rules of Civil Practice, granted.