Edwin R Lynde, J.
This is an application for an order under section 333-b of the Real Property Law permitting the petitioner to pay into court the unpaid principal of a mortgage and upon such payment, directing the cancellation of the debt or obligation secured by such mortgage and directing the Clerk of the County of Nassau to cancel and discharge the mortgage.
The petitioner is the owner of certain premises located in Westbury, in the Town of Hempstead, Nassau County. The property is subject to a purchase-money second mortgage dated November 23, 1962, in the principal amount of $28,290.76. Interest is payable at the rate of 6% per annum and the due date of the mortgage is May 23, 1964. The mortgagor under the mortgage is Davlick Construction Corp., the petitioner herein. The mortgagee is Krohn Associates, Inc., respondent herein. At the present time, the principal amount of the mortgage has been reduced to $24,440.76.
The mortgage provisions include release clauses under the terms of which the mortgagee agrees to release portions of the premises upon payment of defined proportionate amounts, together with the interest due on the amount of the payment. It is provided that no plot shall contain less than 6,000 square feet nor shall exceed an area of 75 feet by 146 feet, but there is no limit on the number of plots which may be released at any one time. It is further provided that the mortgagee is not obligated to deliver any releases until a subdivision map of the subject premises has been filed. To date, no map has been filed.
On June 26, 1963, the petitioner tendered to the mortgagee the sum of $24,599.59, representing the principal balance of the mortgage, plus interest to that date. The mortgagee refused to accept the payment. There is no contention that the mortgagor has failed to comply with the requisite formalities of a tender. The only reason for refusal was that the mortgage contains no prepayment provision. The mortgagee, therefore, contended that it is entitled to receive interest computed to May 23,1964 and, accordingly, rejected the tender as insufficient.
*98 As a result, this proceeding has been brought. It is opposed by the mortgagee, which contends that its right to interest until May 23, 1964, may not be terminated and that the petitioner may not have the remedy sought under section 333-b of the Beal Property Law, since that remedy is not available unless the mortgagor is entitled at the time to make the request for discharge. The respondent argues further that the existence of the release provisions cannot assist the mortgagor since the latter is not entitled to release prior to the filing of a subdivision map and there has been a failure to comply with this condition.
The primary rule for construction of a contract is that the court must, if possible, ascertain and give effect to the intention of the parties. A contract must be construed as a whole and the intention of the parties must be gathered from the entire instrument. (Williston, Contracts, Yol. 4, § 601.) The respondent’s argument that the lack of a prepayment clause, as such, precludes the petitioner, ignores the effect of the release provisions. If it had been the intention of the parties not to permit prepayment, there would have been no right at all in the mortgage to release the property from the provisions of the mortgage or there would have been language inserted in the release clauses preserving the mortgagee’s claimed right to interest to the end of the mortgage term.
With respect to the claim of the mortgagee that the release provisions may not be considered and that the tender cannot be deemed a request for release of all plats subject to the mortgage because the condition precedent has not been met, this argument ignores entirely the reason for the existence of and the purpose of such a condition. Conditions of this kind are imposed in purchase-money mortgage release clauses solely to protect the equity of the seller in the event of a default in the mortgage and a reversion to the seller. They are aimed at preserving the utility and marketability of the premises. When the seller’s equity is extinguished, there no longer is any possibility of a reversion, and its concern with the status or condition of the property becomes moot. In a contractual situation where the possibility of an effect forms the basis on which both parties enter into a contract and this effect is or will be frustrated, a promisor is discharged from his duty of performing. A party to a contract should not be compelled to perform a vain or futile act which does not go to the essence of a contract. (Bestatement, Contracts, § 306.)
Under the circumstances, I find that the mortgagor was entitled to make the request for discharge when it did so, and the application of the petitioner is granted to the extent that *99 it will be permitted to pay the amount due to the Treasurer of Nassau County, to be turned over to the mortgagee as provided by law, and, on such payment to the County Treasurer, the debt and obligation secured by the mortgage shall be cancelled and the Clerk of the County of Nassau shall cancel and discharge the subject mortgage of record, all as provided by law. The request for costs and attorney’s fees is denied.