**GULF COAST INVESTMENT CORPORA-
TION, Appellant,**

v.

**Donald M. PRICHARD et ux., Appellees.**

No. 17237.

Court of Civil Appeals of Texas.

Dallas.

Feb. 14, 1969.

Rehearing Denied March 14, 1969.

David C. Musslewhite, of Malouf & Mus-
slewhite, Royal H. Brin, Jr., of Stras-
burger, Price, Kelton, Martin & Unis, Dall-
as, for appellant.

W. R. Sessions, of Sessions & Sessions,
Dallas, for appellees.

BATEMAN, Justice.

This is a usury case in which the appel-
lant Gulf Coast Investment Corporation
complains of a judgment rendered upon a
jury verdict, allowing recovery of the stat-
utory penalty for usury.

The appellees, Donald M. Prichard and
wife desiring to borrow $3,000, made their
promissory note to appellant for $5,145,
dated August 31, 1965, payable in monthly
installments of $85.75 over a period of
five years; appellant issued to appellees

its check for $3,500, out of which $500 was paid to one James Earl Jones as a brokerage fee, and the balance of $3,000 retained by appellees. The note does not provide for any interest *eo nomine,* the interest being added into the face of the note. Appellees say the amount of the note was arrived at as follows:

| Loan | $3,000.00 |
| Broker's fee | 500.00 |
| Life insurance premium | 175.00 |
| Interest | 1,470.00[1] |
| Total | $5,145.00 |

Appellees alleged that they paid nineteen installments of $85.75 each and in May, 1967 made a final payment of $3,198.05. They alleged that all of the above items making up the note of $5,145, except the $3,000 loan, constituted usurious interest. However, the effect of certain jury findings was that the $500 broker's fee and $175 life insurance premium were properly part of the principal loan and appellees do not complain of these findings. The principal indebtedness, therefore, was $3,675.

The jury found that a reasonable fee for the services of appellees' attorney would be $2,900. Both parties moved for judgment and the court rendered judgment for appellees for $5,204.60, based upon the following calculations:

Monthly installments paid

| (19 × $85.75) | $1,629.25 |
| Final payment | 3,198.05 |
| | $4,827.30 |
| Principal of loan | 3,675.00 |
| Usurious interest paid | $1,152.30 |
| Statutory penalty | 1,152.30 |
| Reasonable attorney fee | 2,900.00 |
| Judgment | $5,204.60 |

The note does not specify how much of each monthly payment shall be credited to principal or how much to interest. The appellant has determined, and appellees do not question, that of each monthly payment of $85.75 there was properly credited to principal $61.25 and $24.50 to interest.[2] Therefore, of the total of $1,629.25 paid in monthly installments $1,163.75 was credited to principal and $465.50 to interest. This reduced the principal from $3,675 to $2,511.25, but when appellees desired to pay off the balance due on the note they were told by appellant that an additional payment of $3,198.05 would be required. The excess of $686.80 is called by appellant a "prepayment penalty." These two items, the $465.50 and the $686.80, comprise the $1,152.30 which the trial court found to be usurious interest.

In its first point of error on appeal appellant says the trial court erred in treating this "prepayment penalty" as usurious interest paid and allowing double recovery thereof. In its second point of error appellant says the trial court erred in holding that all payments made by appellees in excess of the principal constituted usurious interest, and in allowing double recovery thereof, although less than 10 per cent per annum simple interest had actually been paid.

Appellant admits that the promissory note is usurious; i. e., if it had been paid out according to its terms over the full period of five years the interest paid would have exceeded 10 per cent per annum. However, it contends that no usurious interest was paid because (1) the interest of $465.50 paid in the nineteen monthly payments was less than 10 per cent per annum on the balance of principal as it declined from month to month, and (2) the "prepayment penalty" of $686.80 cannot be considered as interest because it was not paid "for the use or forbearance or detention of money."

---

1. This is "add-on" interest of 8%, i. e., 8% of 3,675., or $294., multiplied by five, the number of years the loan was to run.

2. This is contrary to the rule set forth in Community Savings & Loan Ass'n v. Fisher, 409 S.W.2d 546, 550 (Tex.1966), but for present purposes we regard this difference as immaterial.

The appellees contend, on the other hand, that since the contract evidenced by the promissory note provides for interest over the full term of the loan which is admittedly usurious, their entire agreement to pay interest was void and that, therefore, all of the interest they had paid was usurious, that the part of the interest obligation paid was as tainted as the whole. With respect to including the "prepayment penalty" in the calculation of interest paid, they contend that, because of the usurious interest contained in the note, the note was valid and enforceable only for the principal of $3,675 and that the prepayment of the balance owing on said principal amount caused appellant no loss whatever except the loss of illegal interest charges, and that therefore, there was no basis on which a prepayment penalty could be required.

The pertinent statutes in effect at the time of the transaction in question are Vernon's Ann.Civ.Stat., Articles 5069, 5071 and 5073.[3] Art. 5069, as amended in 1963, defines "interest" as "the compensation allowed by law or fixed by the parties to a contract for the use or forbearance or detention of money," and concludes with this sentence: " 'Usury' is interest in excess of the amount allowed by law; all contracts for usury are contrary to public policy and shall be void."

Art. 5071, as amended in 1963, contained this language:

" * * * all written contracts whatsoever, which may in any way, directly or indirectly, provide for a greater rate of interest shall be void and of no effect for the amount or value of the interest only; * * *."

Art. 5073, as amended in 1963, provided that a person paying usurious interest may recover double the amount thereof "from the person, firm or corporation receiving

the same and reasonable attorney's fees * * *."

Even though the $465.50 paid by appellees to appellant was part of the total amount of usurious interest which they had agreed to pay, and was therefore itself usurious, appellees did not elect to assert a right under Art. 5071, to have all of this interest either returned to them or credited to the discharge of the principal. They elected, instead, to sue for the penalty provided by Art. 5073. See Hampton v. Guaranty State Building & Loan Ass'n, 63 S.W.2d 873, 875 (Tex.Civ.App., Amarillo 1933, no writ). As stated in *Hampton*, these are two distinct causes of action which cannot co-exist; appellees would not have the right to have all of the interest applied to the principal and at the same time preserve their right to sue for a penalty.

Moreover, the only relief sought by appellees was the penalty authorized by Art. 5073, and as stated in Jennings v. Texas Farm Mortg. Co., 124 Tex. 593, 80 S.W.2d 931, 934 (1935):

"The plaintiff must recover in the right in which he sues and upon the facts stated in his pleadings as the basis of that right, and cannot recover on a right different from that asserted, it matters not what the prayer may be. Milliken v. Smoot, 64 Tex. 171."

Appellees would not be entitled to recover double the $465.50 interest paid because it clearly appears that this sum did not constitute a charge of more than 10 per cent per annum on the outstanding principal during the period in question. As stated in Jennings v. Texas Farm Mortg. Co., 124 Tex. 593, 80 S.W.2d 931, 933 (1935), the penalty authorized by Art. 5073 "is available to a borrower only when he has in fact paid and the lender has in

3. These statutes were amended in 1967, when they became parts of the Consumer Credit Code, Articles 5069–1.01 et seq., V.A.C.S. but the transactions involved herein occurred prior to the effective date thereof.

fact received, in the year in question, interest in excess of 10 per cent. for such year." This principle was reiterated in two other opinions delivered the same day, Commerce Trust Co. v. Best, 124 Tex. 583, 80 S.W.2d 942, 946 (1935), and Adleson v. B. F. Dittmar Co., 124 Tex. 564, 80 S.W.2d 939 (1935).

In Temple Trust Co. v Haney, 103 S.W. 2d 1035, 1039 (Tex.Civ.App., Austin 1937, affirmed 133 Tex. 414, 107 S.W.2d 368, 126 S.W.2d 950), it was held that, although the contract was usurious as a matter of law, which vice also tainted the interest actually paid by the borrowers during the two years immediately prior to filing their suit, yet no recovery of penalty under Art. 5073 was authorized because the sums so paid for those two years were not greater than 10 per cent on the balance of the unpaid principal at such times. See also Thompson v. Kansas City Life Ins. Co., 102 S.W.2d 285 (Tex.Civ.App., Waco 1937, writ ref'd).

With respect to the payment by appellees of the so-called "prepayment penalty" of $686.80, we agree with appellant that this sum, not having been paid or collected or received as compensation "for the use, or forbearance or detention of money," cannot be considered as interest at all.

▉ Regardless of whether, in the light of the usurious character of the entire transaction, any prepayment penalty could have been lawfully required, the fact remains that appellant demanded it and appellees paid it, not as interest for the use, forbearance or detention of money, but for the privilege of paying off the loan prior to maturity. Whether this was a privilege of any value is not before us. As pointed out above, appellees did not see fit to demand the return of usurious interest paid by them prior to payment of the balance of the note; nor did they request that that usurious interest be applied to the unpaid principal of the note; nor did they tender the balance of principal owing on the note, calculated without including any interest, and demand a release because they were not legally obligated to pay any interest whatever. Under the circumstances, we must treat the charge as the parties treated it; i. e., as the consideration agreed upon under a new contract for the discharge and release of the note long prior to its maturity. Instead of being an agreed consideration for the extension of credit, or for the use, forbearance or detention of money, it was the converse, a consideration for the termination of the use, forbearance or detention of money. It put an end to credit, instead of giving it. We find no authority expressing a tenable theory under which such a charge could under these circumstances be considered as interest. We think our decision finds support in the following cases: Southland Life Ins. Co. v. Egan, 126 Tex. 160, 86 S.W.2d 722 (1935); Vela v. Shacklett, 12 S.W.2d 1007 (Tex. Comm'n App.1929, jdgmt. adopted); A. Y. Creager Co. v. Horton, 96 S.W.2d 790 (Tex.Civ.App., El Paso 1936, no writ); Smithwick v. Whitley, 152 N.C. 366, 67 S.E. 914, 28 L.R.A.,N.S., 113 (1910); Abbot v. Stevens, 133 Cal.App.2d 242, 284 P.2d 159 (Cal.1955); Reichwein v. Kirshenbaum, 201 A.2d 918 (R.I.1964); Lyons v. National Sav. Bank of City of Albany, 280 App.Div. 339, 113 N.Y.S.2d 695 (1952); Feldman v. Kings Highway Sav. Bank, 278 App.Div. 589, 102 N.Y.S.2d 306, affirmed 303 N.Y. 675, 102 N.E.2d 835 (1951).

Appellant's first two points of error are sustained.

By its third point of error appellant says the trial court erred in allowing recovery of any attorney's fee since no usurious interest was actually paid, and by its fourth point of error the appellant contends that the attorney's fee recovery, if any was allowable at all, was excessive. Since we have held that appellees failed to show themselves entitled to recover any penalty for usurious interest paid, it naturally follows that they would not be entitled to any attorney's fee

under the statute. Accordingly, appellant's third point of error is sustained, and it is not necessary for us to pass on the fourth point.

The judgment appealed from is reversed and here rendered for appellant that appellees take nothing by their suit.

Reversed and rendered.