In the Matter of EDWIN J. ARTHUR et al., Respondents, v LORETTA M. BURKICH, Appellant.

Third Department, October 22, 1987

## APPEARANCES OF COUNSEL

*Williams & DuBrin (Frank J. Williams* of counsel), for appellant.

*Keith M. Ferrara (Robert M. Cohen* of counsel), for respondents.

## OPINION OF THE COURT

YESAWICH, JR., J.

Petitioners purchased a 12-unit apartment building in the City of Saratoga Springs, Saratoga County, from respondent under an installment sales contract entered into in 1984. As dictated by the agreement, upon passage of title the balance due on the transaction, $123,631.38, was secured by a purchase-money mortgage. The mortgage, dated January 11, 1986, provided for the payment of $25,000 in varying amounts on June 1 of 1986, 1987 and 1988, together with 36 monthly payments of $1,053.22 commencing June 1, 1986 and a balloon payment on June 1, 1989 at the end of the term, all with an annual interest rate of 12%. Approximately three months after the mortgage was executed, petitioners, desiring to transfer title to the property, sought to satisfy the mortgage and tendered a check in an amount calculated to cover the outstanding principal and interest due thereon as of that date. Respondent refused the tendered payment, explaining that reinvesting the proceeds elsewhere would only yield a return of 7½%.

Petitioners then made this application pursuant to RPAPL 1921 to compel respondent to accept payment in satisfaction of the mortgage and to execute a satisfaction of the mortgage in recordable form. County Court denied respondent's motion to dismiss and granted petitioners the relief they sought. In doing so, the court refused to consider parol evidence indicating in unmistakable terms that before the mortgage was executed, respondent was unamenable to the inclusion of any provision in the mortgage instrument allowing for prepayment of the mortgage. Respondent appeals.

It has been settled law since the early 19th century that a mortgagor has no right to pay off his obligation prior to its stated maturity date in the absence of a prepayment clause in the mortgage or contrary statutory authority *(Missouri, Kan. & Tex. Ry. Co. v Union Trust Co.,* 156 NY 592, 599; *Lisman v Michigan Peninsular Car Co.,* 50 App Div 311, 315; *see,* Annotation, *Construction and Effect as to Interest Due of Real Estate Mortgage Clause Authorizing Mortgagor to Prepay Principal Debt,* 86 ALR3d 599, § 2 [a]). Unless the right to prepay is readily discernible from the mortgage instrument *(see, Matter of Davlick Constr. Corp. v Krohn Assocs.,* 40 Misc 2d 96)* or from the parties' conduct *(see, Lyons v National Sav. Bank,* 280 App Div 339; *Feldman v Kings Highway Sav. Bank,*

278 App Div 589, *affd* 303 NY 675), the payment schedule is to be enforced as agreed upon.

The mortgage and installment sales contract in issue, neither of which contains a prepayment clause, explicitly set out when and at what rate the indebtedness is to be paid. Even if the payment schedule is not considered an enforceable term of the contract, consistent with the intent of the parties not to allow prepayment, the parol evidence disclosing that respondent rejected a mortgage instrument proffered by petitioners on the single ground that it permitted prepayment of the mortgage should have been resorted to for it explains away any ambiguity *(see, Matter of Surrey Strathmore Corp. v Dollar Sav. Bank,* 36 NY2d 173, 176).

To allow prepayment where, as here, that right has not been reserved, works an unprincipled contract law result in that it condones a unilateral change in the terms of the contract *(see, Abbe v Goodwin,* 7 Conn 377, 384). Prepayment can impose daunting economic sacrifices upon a mortgagee, not the least of which include the loss of the bargained for rate of return, an increased tax burden, unanticipated costs occasioned by the need to reinvest the principal, and for those creditors anxious to ensure regular payments not unlike an annuity, it undoes the mortgagee's purpose in making the loan *(see,* Alexander, *Mortgage Prepayment: The Trial of Common Sense,* 72 Cornell L Rev 288, 310-317 [1987]).

Petitioners' assertion that the Legislature has expressed a preference for prepayment, as evidenced by General Obligations Law § 5-501 (3) (b) and Banking Law § 393 (2), is unpersuasive. General Obligations Law § 5-501 (3) (b) authorizes prepayment of certain residential mortgages, but requires that the privilege be expressed in writing. Banking Law § 393 (2) is another limited exception to the general rule prohibiting an unreserved right to prepay; it allows prepayment of a mortgage made by a savings and loan association, an institution sponsored for the benefit of homeowners, and provides that a penalty for doing so may be assessed.

Nor are we disposed to accept petitioners' invitation to adopt the Pennsylvania rule, said to be designed to promote alienability of land, that silence as to prepayment in the loan documents raises a presumption of the right to prepay *(see, Mahoney v Furches,* 503 Pa 60, 468 A2d 458). New York's concern with prohibiting restraints on the free and ready transfer of real property is aimed at insuring that uncertain

future estates not be created and that the disposition of property is not unreasonably restrained *(Metropolitan Transp. Auth. v Bruken Realty Corp.,* 67 NY2d 156, 161); the mortgage arrangement under discussion is not such an unacceptable restraint.

It is true that across the country considerable effort, both legislative and judicial, has been directed at changing the common-law rule to favor prepayment of residential mortgages *(see,* Alexander, *Mortgage Prepayment: The Trial of Common Sense,* 72 Cornell L Rev 288, 326-328 [1987]). Whatever economic pressures underlie the need to recognize an indebted homeowner's right to compel a creditor to release a mortgage is immaterial here, for we are dealing with a commercial transaction, where investment factors dominate and the parties are deemed to be in equivalent bargaining positions. In any event, reform of the radical and adventuresome extent petitioners conceive is for the Legislature, not the courts, to bring to pass.

KANE, J. P., MAIN, WEISS and LEVINE, JJ., concur.

Order reversed, on the law, with costs, respondent's motion granted and petition dismissed.