■ GEORGE TRONCONE, Respondent, v LOUIS A. CANELLI et al., Appellants.—In an action for a judgment declaring that the plaintiff has the right to prepay a certain mortgage indebtedness, the defendants appeal, (1) from an order of the Supreme Court, Westchester County (Donovan, J.), dated May 13, 1987, which granted the plaintiff's motion for summary judgment, and (2) as limited by their brief, from so much of an order of the same court dated June 24, 1987 as, upon reargument, adhered to the prior determination.

Ordered, that the appeal from the order dated May 13, 1987 is dismissed, as that order was superseded by the order dated June 24, 1987 made upon reargument; and it is further,

Ordered that the order dated June 24, 1987 is reversed insofar as appealed from, on the law, the order dated May 13, 1987 is vacated, and the plaintiff's motion for summary judgment is denied; and it is further,

Ordered that the defendants are awarded one bill of costs.

"It has been settled law since the early 19th century that a mortgagor has no right to pay off his obligation prior to its stated maturity date in the absence of a prepayment clause in the mortgage or contrary statutory authority" (Matter of Arthur v Burkich, 131 AD2d 105, 106, citing Missouri, Kan. & Tex. Ry. Co. v Union Trust Co., 156 NY 592, 599; Lisman v Michigan Peninsular Car Co., 50 App Div 311, 315; Annotation, Construction and Effect as to Interest Due of Real Estate Mortgage Clause Authorizing Mortgagor to Prepay Principal Debt, 86 ALR3d 599, § 2 [a]). In the present case, the Supreme Court erred by granting summary judgment in favor of the plaintiff mortgagor, because the subject mortgage contains no clause which expressly authorizes prepayment, and prepayment is neither authorized nor required by statutory authority. The presence in the mortgage of the ambiguous phrase "unless sooner paid" does not provide a basis upon which to conclude that "the right to prepay is readily discernible from the mortgage instrument" (Matter of Arthur v Burkich, supra, at 106, citing Matter of Davlick Constr. Corp. v Krohn Assocs.,

40 Misc 2d 96) so as to warrant summary judgment in favor of the mortgagor. Bracken, J. P., Lawrence, Kunzeman and Kooper, JJ., concur.