■ JAMES HUGHLEY, Respondent, v EUGENIE GILLESPIE et al., Appellants. [631 NYS2d 374] —In an action to recover interest paid to obtain a satisfaction of mortgage, the defendants appeal from so much of an order of the Supreme Court, Nassau County (Hart, J.), dated December 27, 1993, as, upon reargument, adhered to its prior determination dated January 5,

1993, finding that the defendants were precluded from recovering unearned interest, granting the plaintiff's motion for summary judgment, and directed entry of a judgment in his favor in the sum of $27,683.12 together with interest and attorneys' fees, and denied their cross motion for summary judgment dismissing the complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and, upon reargument, the plaintiff's motion is denied, the defendants' cross motion is granted, and the complaint is dismissed.

Pursuant to the specific terms of his purchase money mortgage, the plaintiff had no right to prepay the mortgage. Consequently, the defendants' request for interest calculated to the maturity date of the mortgage note in consideration for their acceptance of prepayment and execution of a satisfaction of mortgage was not unlawful (see, Lyons v National Sav. Bank, 280 App Div 339; Feldman v Kings Highway Sav. Bank, 278 App Div 589, affd 303 NY 675).

Contrary to the plaintiff's contention, Real Property Law § 254-a is inapplicable to this case. That statute prohibits a mortgagee from collecting a prepayment fee from a mortgagor who sells his or her home when the mortgagee necessitates prepayment by refusing to consent to a request that the purchasers assume the mortgage or take title subject to the mortgage. Here, the defendants did not refuse to consent to the assumption of the mortgage by the plaintiff's prospective purchasers or to their taking title to the property subject to the mortgage. No such request was ever made and, in fact, the terms of the proposed sale required the plaintiff to satisfy the mortgage.

Consequently, the defendants were entitled to summary judgment dismissing the complaint. Copertino, J. P., Santucci, Altman and Friedmann, JJ., concur.