OPINION OF THE COURT
Orazio R. Bellantoni, J.
Defendants Aetna Life Insurance Company and State Street Bank and Trust Company move for an order, pursuant to CPLR 3211 (a) (7), dismissing the amended complaint against Aetna and State Street Bank for failure to state a cause of action upon which relief can be granted.
*647 Plaintiff Poughkeepsie Galleria Company cross-moves for: (1) an order, pursuant to CPLR 3211 (d), directing that the motion to dismiss brought by defendants be adjourned or continued so as to permit plaintiff to engage in discovery necessary to properly and adequately prepare a response to the motion to dismiss, or (2) in the alternative, for an order dismissing the pending motion without prejudice with leave to plead the basis of the motion in defendants’ answer, or (3) in the alternative, in the event the court denies plaintiff’s application for discovery, for an order expanding plaintiff’s time to respond to the motion to dismiss for 30 days from the date of the order.
It is hereby ordered that defendants’ motion for the dismissal of the amended complaint against them is granted. Further, plaintiff’s cross motion for discovery is denied, plaintiff having failed to establish that “facts essential to justify opposition may exist but cannot then be stated”. (CPLR 3211 [d].)
A review of plaintiffs amended complaint reveals that, in accepting all of plaintiff’s allegations as true, it fails to state a cause of action. Plaintiff, an admittedly sophisticated party, entered into a $112,000,000 commercial loan agreement with defendant Aetna Life Insurance Company. The loan agreement, entitled “Consolidation and Extension Agreement 1987”, was dated September 17, 1987 and was subsequently assigned by defendant Aetna Life Insurance Company to defendant State Street Bank and Trust Company. The agreement contains a clause which requires plaintiff to pay, if it should choose to prepay the loan, a prepayment premium. It is undisputed that plaintiff was aware of such prepayment premium and, as evidenced by the handwritten amendments to such clause, negotiated the terms of such prepayment premium clause. Plaintiff now wishes to have the benefit of such clause by being allowed to prepay the $112,000,000 commercial mortgage loan, but without the detriment of paying the prepayment premium set forth in the very same clause. Plaintiff essentially argues that the portion of the prepayment clause which requires it to pay a prepayment premium, though negotiated by plaintiff and its counsel and agreed to by plaintiff, is void and unenforceable. However, prepayment premiums in nonresidential commercial mortgages are both valid and enforceable. “Prepayment can impose daunting economic sacrifices upon a mortgagee, not the least of which include the loss of the bargained-for rate of return, an increased tax burden, unanticipated costs occasioned by the need to reinvest the principal, and for those creditors anxious to ensure regular *648 payments not unlike an annuity, it undoes the mortgagee’s purpose in making the loan” (Matter of Arthur v Burkich, 131 AD2d 105, 107, citing Alexander, Mortgage Prepayment: The Trial of Common Sense, 72 Cornell L Rev 288, 310-317 [1987]). Further, “ £[i]t has been settled law since the early 19th century that a mortgagor has no right to pay off his obligation prior to its stated maturity date in the absence of a prepayment clause in the mortgage or contrary statutory authority’ ”. (Troncone v Canelli, 147 AD2d 633.) No statutory authority exists which requires that a mortgagor in a nonresidential commercial loan transaction be permitted to pay off its obligation prior to the stated maturity date. Accordingly, ££[p] repayment clauses give the mortgagor the option, upon the payment of a premium, to voluntarily terminate the mortgage prematurely. These clauses are included in mortgage agreements strictly for the benefit of the mortgagor and also will be enforced according to their terms.” (Nutman, Inc. v Aetna Bus. Credit, 115 Misc 2d 168, 169.) Finally, the fact that the prepayment premium in the instant matter is calculated on the basis of a formula does not relieve plaintiff of the requirement of paying such premium. (See, e.g., In re United Merchants & Mfrs., 674 F2d 134 [2d Cir 1982].) Accordingly, plaintiff’s complaint against the defendants must be dismissed in its entirety.