■ RUSSO ENTERPRISES, INC., Appellant, v CITIBANK, N. A., Respondent. [699 NYS2d 437] —In an action, *inter alia*, to recover damages for breach of contract, the plaintiff, Russo Enterprises, Inc., appeals from an order of the Supreme Court, Queens County (Goldstein, J.), dated September 18, 1998, which granted the motion of the defendant, Citibank, N. A., for summary judgment dismissing the complaint and denied its cross motion for summary judgment.

Ordered that the order is affirmed, with costs.

The plaintiff, Russo Enterprises, Inc. (hereinafter Russo), gave the defendant, Citibank, N. A. (hereinafter Citibank), a mortgage on nonresidential property in exchange for a 10-year $2.5 million loan. When Russo sought to prepay the loan before maturity as part of a refinancing transaction, Citibank demanded that Russo pay a prepayment penalty of $294,681. In order to refinance its debts, Russo paid the penalty under protest and commenced this action to recover the money.

" 'It has been settled law since the early 19th century that a mortgagor has no right to pay off his obligation prior to its stated maturity date in the absence of a prepayment clause in the mortgage or contrary statutory authority' " (*Troncone v Canelli,* 147 AD2d 633; *Matter of Arthur v Burkich,* 131 AD2d 105; *Poughkeepsie Galleria Co. v Aetna Life Ins. Co.,* 178 Misc 2d 646). "Prepayment can impose daunting economic sacrifices upon a mortgagee, not the least of which include the loss of the bargained for rate of return, an increased tax burden, unanticipated costs occasioned by the need to reinvest the principal, and for those creditors anxious to ensure regular payments not unlike an annuity, it undoes the mortgagee's purpose in making the loan" (*Matter of Arthur v Burkich, supra,* at 107). Thus, the right to prepay must be readily discernible from the mortgage instrument or from the parties' conduct (*see, Matter of Arthur v Burkich, supra*).

As the mortgage documents did not grant Russo an unambiguous right to prepay the debt (*see, Matter of Arthur v Burkich, supra*), summary judgment dismissing the complaint was proper. Citibank was entitled to demand the $294,681 prepayment penalty in lieu of the other, potentially more lucrative, remedies available to it pursuant to the terms of the mortgage documents (*see, Hughley v Gillespie,* 219 AD2d 584; *Feldman v Kings Highway Sav. Bank,* 278 App Div 589, *affd* 303 NY 675). O'Brien, J. P., Friedmann, Florio and Smith, JJ., concur.