JULIA KORNEGAY *v.* GEORGIA STATE BUILDING AND LOAN ASSOCIATION.

[44 South., 783.]

USURY.    *Payment before maturity.    Interest.*

> A loan payable when due in the amount loaned and legal interest is not rendered usurious by the lender's exacting more than that sum as a condition of accepting payment before its maturity.

FROM the circuit court of Lauderdale county.

HON. ROBERT F. COCHRAN, Judge.

Mrs. Kornegay, the appellant, was plaintiff in the court below; the Georgia State Building and Loan Association, a corporation, the appellee, was defendant there.    From a judgment in defendant's favor, predicated of a peremptory instruction, the plaintiff appealed to the supreme court.

On June 18, 1903, appellant, a member of the appellee association, owning seventeen shares of its stock, borrowed from it $1,700, under a contract binding her to repay the same with interest in ninety-six equal monthly installments of $24.77, of which $17.50 was to be upon stock and $7.07 on interest account.    After the loan had run a few days over two years and two months, appellant desired to pay it and have the deed of trust upon her land given to secure it canceled.    The association allowed her to do so, in the method prescribed by its by-laws, by paying interest on the loan at the rate of ten per centum per annum to the then next annual period' of the loan, several months in advance. Having paid slightly more than the sum borrowed with ten per cent interest to the time of the last payment, appellant, ignoring

the terms upon which appellee had consented to receive payment before maturity of the debt, brought this suit for recovery of all interest paid by her under the contract, charging that the contract was usurious in that a greater rate of interest than allowed by law had been exacted of and received from her, and that the association had thereby forfeited all interest on the debt.

*Brahan & McCants,* for appellant.

It is well settled that foreign building and loan associations cannot collect a greater rate of interest than ten per cent under contract; that if a greater rate is stipulated for or received, all interest shall be forfeited and may be recovered by the borrower who has paid the same, whether the contract be executory to executed.   Code 1906, § 2678.

A contract by a borrower waiving directly or indirectly the usury laws of the state is against public policy and void, *Building & Loan Assn.* v. *Grant,* 82 Miss., 424.

When, according to the true intention of the parties, a loan made by a corporation of another state to a citizen of this state and secured by lands in this state, is to be paid here, the usury laws of this state are applicable, even though the contract should contain a provision for payment in another state whose laws are dissimilar. *Building & Loan Assn.* v. *Shannon,* 80 Miss., 642.

It is shown, beyond dispute, by the letters written to appellant by the officers of the appellee that interest was charged against and paid by appellant at the rate of ten per cent per annum for several months' time beyond the date when she paid her loan.   She paid her loan on September 16, 1905, yet was compelled to pay interest at ten per centum per annum to what would have been the next annual period of her loan, had she not paid it, to-wit, July 2, 1906.   It thus appears that she was compelled to pay " unearned " interest, and such payment worked a forfeiture of all interest.

In reply to the contention of appellee that the appellant, in executing the papers which represented the loan, bound herself to be governed by the by-laws of the appellee, we say, in the language of 10 Cyc., 356, that " generally speaking, a by-law which is contrary to the law of the land, common or statutory, is void."

*Bozeman & Fewell,* for appellee.

The sole question in this case is one of law, namely, whether or not the voluntary payment, before maturity, of the principal of a debt with legal interest thereon to date of maturity, in order to remove the encumbrance of a mortgage securing the debt, renders the transaction usurious, if the total of interest paid on the principal of the debt is more than ten per cent per annum, calculated to date of payment, but less than ten per cent per annum if calculated to date of stipulated maturity of the debt.

The contract between the appellant and appellee did not require the payment of interest at a greater rate than ten per cent per annum, nor did the appellee collect more than ten per cent interest per annum. The contract is evidenced by the bond, or promissory note, of appellant and the deed of trust in appellee's favor, both of these instruments reciting that " the by-laws of the association are made á part and parcel hereof." It appears from the evidence that on June 18, 1903, the appellant, owning seventeen shares of stock of the association, borrowed from the association $1,700, binding herself, under the note and trust-deed, to repay the loan in ninety-six equal monthly installments of $24.77 each; $17.70 being installment upon stock, the remaining $7.07 representing monthly interest payment. Ninety-six payments of $24.77 amount to $2,377.92, being an excess of $677.92 over the principal, which excess the appellant was obligated, under her contract, to pay during the stated period of ninety-six months. If this excess of $677.92 be considered to be interest, it amounts

to less than five per cent interest per annum on the principal sum of $1,700 borrowed; and less than ten per cent per annum on the principal if calculated for four years only, the average time, and the shortest time which appellant can contend that she had the use, or was to have the use, of the $1,700. For the repayment of the principal sum in ninety-six monthly installments is, in effect, the exact equivalent of the use of the entire sum for forty-eight months, or one-half of the total period. The interest on $1,700 at ten per cent per annum for forty-eight months, or four years, would amount to $680, an amount exceeding, by $2.08, the interest contracted for in this case.

Appellant had no legal right outside of the contract to compel the acceptance by the association of payment of the loan before maturity. Under the contract she expressly agreed that, if the association would accept payment in advance of maturity she would pay what would be due on the basis of ten per centum per annum at the end of the next annual period after the date of payment.

It is well settled that a debtor has no right to compel a creditor to receive payment of the indebtedness in advance of its maturity, even though he tenders the principal together with all interest which would accrue up to the time of maturity. 22 Am. & Eng. Ency. Law (2d ed.), 530. It follows, *a fortiori,* that a lender, loaning money and taking a note therefor, has a right to legal interest thereon to maturity of the note, notwithstanding the borrower pays the note in full before maturity. *Crowley* v. *Kolsky,* 57 S. W., 386; 2 Daniel's Neg. Instr. (4th ed.), 1238; 7 Cyc., 1038, par. d.

Section 14, article 7, of the by-laws of appellee expressly stipulated that a borrower desiring to repay a loan before maturity might do so, but only at annual periods from date of the loan, and then only upon giving ninety days' prior notice in writing to the appellee's home office; the payment of the loan to be made on a basis of principal and ten per centum interest

per annum calculated to date of the next annual period of the loan.

Where a loan, including principal and interest, would be free from usury, if paid according to its terms, the fact that the lender in permitting the borrower to pay the loan before maturity, exacts more than the amount loaned with legal interest to the time of repayment, does not render the transaction usurious.    29 Am. & Eng. Ency. Law (2d ed.), 483; *Savannah Sav. Bank* v. *Logan,* 99 Ga., 291; *Keckley* v. *Union Bank,* 79 Va., 458; *Kelly* v. *Collins,* 46 S. W., 997.

*Saussy & Saussy,* on the same side.

There is no contention by appellant that the original contract was usurious; nor is there mention in the pleadings or evidence that the appellee association is not conducting a pure and simple building and loan business in a way allowed by law.    Such being admitted, even though the payments on account of stock be considered as payments on account of the loan, the appellee association did not exact more than a legal rate of interest under the agreement of parties and under the law.    *Bank of Loudon* v. *Armor,* 90 Miss., s.c., 44 South., 66.

The authorities lay down the principle that once there is usury, then such usury continues until the contract has been purged of the excess of interest; and the converse of this proposition is true, namely, that if the contract in its inception is free from usury, the subsequent conduct of the parties relating to the contract, not in pursuance of any express or implied agreement at the date of the contract, but pursuant to a new agreement made by them whereby the loan is discharged, and under which agreement a bonus is voluntarily paid by the borrower to have the loan canceled, does not render the contract usurious.    The payment of the bonus is not for the use of the money but for the purpose of allowing the borrower to free his mortgaged property from the encumbrance given to secure the loan.    Unless the borrower secured some advan-

tage or benefit, it is presumable that he would not voluntarily make such payment.

The transaction in this case, stripped of verbiage, was one which occurs daily in any banking house. The borrower finds that he has surplus funds on hand, and desires to pay his debt to the bank. The bank is not willing to yield up its lawful right to insist on the carrying of the loan to maturity, and so makes an agreement with the borrower whereby a bonus is charged for the immediate liquidation of the loan.

There was no intention on the part of the association to charge usury, and there was in fact none paid. Usury must be charged or received at the time of the making of the loan. And if the contract, in its inception, was free of usury, the subsequent voluntary act of the appellant in paying the loan in the method shown cannot make the contract usurious.

WHITFIELD, C. J., delivered the opinion of the court.

Section 14, article 7, of the by-laws of the appellee association, which are made a part of the bond and deed of trust in the case, expressly stipulates that a borrower who may desire to repay a loan before the day of maturity fixed in the contract may do so, but only at annual periods from the date of making the contract, and then only upon giving ninety days' definite written notice that he so desires, in advance of such period, to the appellee's home office. The appellant had no right in law to compel the acceptance by the appellee of payment before maturity, and in the case before us she expressly agreed that, if the association would accept payment in advance of maturity, she would pay what would be due on the basis of ten per cent per annum at the end of the next annual period after the date of payment. This was for her accommodation, and she is bound by the terms of such agreement. In 29 Ency. of Law (2d ed.), p. 483, it is said: "Payment of Debt Before Maturity.— A creditor is not required to receive payment of his claim before maturity, and

where a loan, including principal and interest, would be free from usury if paid according to its terms, the fact that the lender, in permitting the borrower to pay the loan before maturity, exacts more than the amount loaned, with legal interest to the time of repayment, does not render the transaction usurious." To the same effect are *Savannah Savings Bank* v. *Logan,* 99 Ga., 291; 25 S. E., 692; *Keckley* v. *Union Bank,* 79 Va., 458, and other authorities cited in the brief of learned counsel for appellee.

*Affirmed.*