HOOD *v.* FIRST NATIONAL BANK IN MERIDIAN.

In Banc. March 27, 1950.

No. 37439 (45 So. (2d) 251)

**Cunningham & Cunningham,** for appellant.

Snow & Covington, for appellee.

**Hall, J.**

Appellant, a wholesale lumber dealer, brought suit against appellee of the recovery of $7,115.00, being double the total amount of usurious interest alleged to have been collected by the bank in 486 separate transactions between the parties. A jury trial having been waived, the case was tried before the circuit judge who found in favor of the appellee.

The suit is predicated upon Sections 36 and 37 of the Mississippi Code of 1942 as to whether the transactions are usurious and upon 12 U. S. C. A. Sections 85 and 86, as to the liability of a national bank for double damages

for the collection of usurious interest under the law of the state of its domicile.

Counsel agree that the transaction represented by invoice No. 2485 is illustrative of substantially all the separate transactions here involved. Under that invoice Hood shipped a car load of lumber on April 30, 1946, to Scott Lumber Co., at Dillonvale, Ohio. This car invoiced a total of $1,423.44. On May 1, 1946, Hood executed to the bank his promissory note for $1,135.00, being approximately 80% of the invoice, and assigned to the bank in writing the aforesaid invoice as security for payment of the note. The note was due "ninety days after date" and not "on or before ninety days after date". It bore interest "at the rate of 6 per cent per annum from date until paid". On May 1, 1946, the bank credited Hood with the full amount of the note and issued to him a duplicate deposit slip for that amount. On the same date the bank forwarded the invoice, with the written assignment endorsed thereon, to Scott Lumber Co., with request that remittance covering the same be sent directly to the bank. On May 31, 1946, the bank received from Scott Lumber Co. its check drawn on Wheeling, West Virginia, for $1,402.56, covering the amount of the invoice less demurrage and reconsigning charges as to which there is no dispute or question. On the same date the bank cancelled Hood's note and delivered it to him and also made out and delivered to Hood a duplicate deposit slip for the $1,402.56 from which it deducted first the sum of $2.10 as exchange in accordance with rates theretofore adopted by the Meridian Clearing House Association and approved by the State Comptroller of Banks. This left a balance of $1,400.46 from which the bank deducted $1,142.62, being $1,135.00 principal of said note plus an item designated as "Int. 7.62", leaving a net balance of $257.84 with which Hood was credited. It is shown by the record that the said amount of $7.62 was actually made up of three items, viz., (1) Interest on $1,135.00 for 30 days at 6% per annum $5.68, (2) A service charge of $1.00

for handling and collecting the invoice, and (3) Interest on $1,135.00 for five additional days in the amount of $0.94. The third item is denominated "transit time". interest, which according to appellee was charged to cover the estimated time which would be consumed in effecting collection of the check on Wheeling.

Appellant contends that the total deductions make the transaction usurious under Section 37 of the Mississippi Code of 1942. Appellee contends that under the law of this state it was entitled to charge appellant interest at the rate of 6% per annum to the maturity of the note notwithstanding the fact that the note was actually paid before maturity, that this would amount to $17.03 interest, and that even though it waived a portion thereof the transaction is still not usurious, because the appellee did not receive as much as it was entitled to demand. We are of the opinion that the bank's contention, which was followed by the lower court, is correct.

Section 41 of the Code of 1942 provides: "When any particular rate of interest per annum is specified in any contract or evidence of indebtedness it shall not be construed as any increase of said rate merely that the interest at the specified rate per annum is stipulated to be paid quarterly, or semi-annually, or at any other period less than a year, nor shall the fact that the principal and interest is paid at a date earlier than that stipulated in the contract or evidence of indebtedness be taken as any increase of the rate per centum although paid for the whole period stipulated."

Appellant argues that since the note provided that it should bear interest at the rate of 6% per annum from date until paid, and since it was paid before maturity, the date of payment becomes the date stipulated in the note and that consequently the statute does not aid appellee. However, the date of payment stipulated in the note is very plainly and definitely fixed at ninety days after the date thereof, and it is to be noted, as heretofore

pointed out, that we are not dealing with a note which was due "On or before nintey days after date."

In the case of Kornegay v. Georgia State Building and Loan Association, 91 Miss. 551, 44 So. 783, this court quoted with approval from 29 Ency. of Law (2d Ed.) p. 483, as follows: "Payment of Debt before Maturity.—A creditor is not required to receive payment of his claim before maturity, and where a loan, including principal and interest, would be free from usury if paid according to its terms, the fact that the lender, in permitting the borrower to pay the loan before maturity, exacts more than the amount loaned, with legal interest to the time of repayment, does not render the transaction usurious."

The above was cited with approval in Beck v. Tucker, 147 Miss. 401, 409, 113 So. 209, 210, where this court said: "As to the items of the $180 note and the $240 paid in advance, and the payment of the interest at other times in advance, we agree with the chancellor that this did not constitute usury or a violation of the 6 per cent. statute, which is here applicable, because it is clear that the creditor is not obliged to receive repayment of a debt or interest thereon before maturity."

To the same effect is 55 Am. Jur., Usury, Sec. 47, p. 359.

Since in this case the bank collected less than it was entitled to demand the trial court was correct in holding that the transactions are not usurious, and its judgment is therefore affirmed.

Affirmed.