214 So.2d 447

**TRAVELERS INSURANCE COMPANY**

v.

**R. T. KERNACHAN et al.**

**6 Div. 607.**

Supreme Court of Alabama.

Sept. 19, 1968.

Guin, Guin & Bouldin, Russellville and Fite, Thomas & Fite, Hamilton, for appellant.

Nelson Vinson, Hamilton, for appellees.

KOHN, Justice.

This suit was initiated by the Appellees, plaintiffs below, for the recovery of interest which the Appellant, defendant below, required the Appellees to pay before the Appellant would accept prepayment of the entire indebtedness owed it by the Appellees.

The case was tried on one count for money had and received and the jury verdict was for the plaintiffs in the amount sued for. The Appellees on April 2, 1962, borrowed $94,000.00 from the Appellant and agreed to pay 6% per annum as interest. The note given by Appellees to Appellant called for the payment of interest plus a certain amount of the principal on November 1 of each year beginning November 1, 1962, and ending with the final payment on November 1, 1981. At the bottom of the note was a rubber stamped entry which made provisions relative to prepayment of the note. As these provisions are determinative of the issue raised on this appeal, this entry is set out below:

"On any interest due date on or after 11/1/62, a prepayment of $100.00 or any multiple thereof may be made on the principal of this note, not exceeding one Fifth of the original principal sum in any calendar year. This privilege is not cumulative and if not exercised on any allowable date, the privilege for that date is wholly relinquished. On any interest due date on or after 11–1–62 prepayment of $100.00 or any multiple thereof may also be made on the principal of this note by paying in addition thereto a prepayment charge of three per cent of the additional amount so prepaid. Unearned interest upon principal so prepaid shall be cancelled. No. 3."

The stipulated facts show that the Appellees had paid a total sum of $10,400 on the principal and that they owed a total of $83,600 on the principal when they made the prepayment of the entire amount on July 24, 1967. The total amount paid by the Appellees to the Appellant on this date was $90,434. The method of computation used to arrive at this figure was as follows: $83,600 balance of principal; $5,016 one year's interest from November 1, 1966 to November 1, 1967; $1,818 being 3% prepayment penalty on $60,600. Appellant allowed the Appellees to pay $18,800 or one-fifth of the original principal sum, plus $4,200 or the amount due on the principal November 1, 1967, without the prepayment penalty. This was a total of $23,000 which subtracted from the balance of the principal leaves the $60,600 upon which the 3% prepayment penalty was paid.

The Appellees sued for and recovered the interest from July 24, 1967 to November 1, 1967 which the Appellant had required them to pay. The issue therefore raised on this appeal is whether the Appellant was entitled to the unearned interest for this period of time or whether the trial court was correct in allowing the Appellees to recover the same from the Appellant.

■■ One contention of the Appellant is that the court below erred in allowing the case to go to the jury. Appellant contends that the construction of the contract is a matter of law for the judge to decide and not for the jury. In this state the rule is well settled that where · the terms and conditions of a contract are certain, its construction is for the court and not the jury, but where the contract is ambiguous and uncertain and there is evidence aliunde, or parole evidence, it is for the jury to decide. McClendon v. Eubanks, 249 Ala. 170, 30 So.2d 261; Foster & Creighton Co. v. Box, 259 Ala. 474, 66 So.2d 746; Air Conditioning Engineers v. Small, 259 Ala. 171, 65 So.2d 698. In the present case the court held that the contract was ambiguous and allowed it to go to the jury. However, here there was no testimony of facts aliunde to aid in the interpretation of the contract. In Foster & Creighton Co. v. Box, supra, a party testified as to his interpretation of the contract, as in the present case, however, this was not testimony of facts aliunde.

■ Although we think the trial court erred in referring to the jury the power and duty to make an interpretation of the contract, we conclude such error does not require a reversal of this case. The verdict of the jury was favorable to the Plaintiff (Appellee), and is consistent with our in-

terpretation of the contract. Therefore neither party has cause to complain of the submission of the question to the jury. Foster & Creighton Co. v. Box, supra.

■ The main contention of Appellant is that where there is no prepayment agreement between the lender and borrower as to paying at a time not provided for, the lender is entitled under the terms of the contract to all the interest to the date provided for, i. e., November 1, 1967, and that where there is a prepayment agreement it is not usurious and the borrower is bound by its terms. Hood v. First National Bank in Meridian, 208 Miss. 658, 45 So.2d 251; Gibbons v. Gibbons, 103 Utah 266, 135 P.2d 105; Redmond v. Ninth Federal Savings and Loan Association, Sup., 147 N.Y.S. 2d 702; Community Savings & Loan v. Fisher, Tex.1966, 409 S.W.2d 546; Dezell v. King, Fla.1956, 91 So.2d 624. We do not dispute the Appellant's statement of the law and agree that the 3% prepayment penalty does not make the contract usurious and that where there is *no prepayment agreement* between lender and borrower, the lender is entitled to all interest until maturity. However, here there was a prepayment provision and we do not agree with the Appellant's contention that the Appellant's stamped prepayment agreement is clear and unambiguous. It should be here noted that a contract is construed more strongly against the party who drew it. Alabama-Tennessee Natural Gas Co. v. City of Huntsville, 275 Ala. 184, 153 So.2d 619; Penn Mut. Life Ins. Co. v. Fiquett, 229 Ala. 203, 155 So. 702; King v. Capitol Amusement Co., 222 Ala. 115, 130 So. 799. This court in King v. Capitol Amusement Co., supra, stated the rule as follows:

"* * * And in case of doubt as to the purport and meaning of the writing, the doubt will be resolved against the party who drew it. * * *"

The note was on a form drawn by Appellant.

■ In the present case the fourth and last sentence of the prepayment agreement states, "Unearned interest upon principal so prepaid shall be cancelled." The Appellees on July 24, 1967 made complete prepayment of the principal in accordance with the first and third sentences of the prepayment agreement in that they paid one-fifth of the original principal sum without prepayment penalty and the rest of the principal with the 3% prepayment penalty. Although the prepayment agreement does state that the time of prepayment of principal is on the interest due date, i. e., November first of each year, it does not state that where prepayment is accepted on another date interest will accrue until the next November first. We hold that the last sentence of the prepayment agreement is susceptible to more than one reasonable interpretation and that it could reasonably mean that when prepayment is accepted and the 3% prepayment penalty is paid in accordance with the prepayment agreement but on a different date, the unearned interest will be cancelled as of that date. The Appellant drew up the contract and it was in its power to clearly state that the interest would run until the next interest due date regardless of when the prepayment was made. No such provision was in the note. We hold that the contract was ambiguous, and the interpretation placed upon it by the Appellees and the jury was correct.

For reasons noted, the judgment is affirmed.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and COLEMAN, JJ., concur.