317 So.2d 910 (1975)
The OXFORD FINANCE COMPANIES, INC., and Home Security Corporation
v.
Robert N. GRAY et ux.
No. 48185.
Supreme Court of Mississippi.
September 9, 1975.
*911 Megehee, Brown, Williams & Corlew, Pascagoula, for appellants.
Ray S. Mikell, Kosciusko, for appellees.
Before GILLESPIE, SMITH and SUGG, JJ.
GILLESPIE, Chief Justice.
Robert N. Gray and his wife (hereinafter Gray) sued Oxford Finance Companies, Inc., and Home Security Corporation (Holders) in the Chancery Court of Attala County, Mississippi, for the recovery of interest claimed to be usurious. From a judgment in favor of Gray, Holders appeal.
On December 11, 1963, Gray purchased a house and lot from Allied Mortgage and Development Company, Inc., (Allied) and executed to Allied a promissory note secured by a deed of trust. The note was in the principal amount of $6,292, payable in two installments of $50 each, and 144 monthly installments of $43, the first installment becoming due January 1, 1964, with interest after maturity at the highest lawful rate. The note was first assigned to Union Planters National Bank and thereafter to Holders. The proof showed that interest at six percent was included in the note for the entire period of the loan in accordance with Mississippi Code Annotated section 75-67-39 (1972).
On September 28, 1972, the home was totally consumed by fire. At that time 39 installments or a total of $1,677 was owing under the note. The Florist' Mutual Insurance Company (Florist) was the insurer of the home against fire loss in the amount of $3,200 which Florist paid to Holders. Holders deducted the 39 payments and paid the balance to Gray. Thereafter, Gray filed this suit, contending that Holders, in retaining the full amount of the 39 payments, collected unearned interest which, when added to the six percent originally included in the note, raised the rate of interest *912 over eight percent. The trial court agreed with this contention and rendered judgment in favor of Gray against Holders for $2,628, which was the entire amount of interest included in the note from its inception. The trial judge held: (1) That Holders were bona fide purchasers without notice of any defects; (2) that the note was not usurious, and (3) that the note as written did not contain usurious interest but that Holders' retention of the 39 payments, owing at the time of the fire, constituted bad faith.
The threshold question is whether Gray was entitled to a refund of the unearned capitalized interest.
Neither the deed of trust nor the note provided for prepayment. The insurance proceeds received by Holders was in accordance with the provisions of the deed of trust requiring Gray to maintain insurance payable to Holders as their interest might appear upon destruction of the security by fire. Under these circumstances, Holders were not entitled to interest beyond the date they received payment of the insurance proceeds. Where a lender requires that a borrower procure and pay for fire insurance in a sufficient amount to pay off the indebtedness in the event of loss, and such loss occurs prior to the maturity of all of the monthly installments, the parties are deemed to have intended that the unpaid balance should become due and payable immediately out of the proceeds of such insurance. It follows that the Holders of the note were not entitled to demand interest beyond the date of such insurance payment. Jackson Investment Co. v. Wingo, 248 Miss. 388, 159 So.2d 175 (1964). The payment out of the proceeds of an insurance policy was an involuntary one and the general rule is that involuntary payments are applied by the courts according to equitable principles in such a way as will best protect the rights of all parties. 60 Am.Jur.2d, Payments § 89 (1972). In computing the amount of unearned interest received by Holders, the Court adopts the statutory rate of six percent as a proper discount rate to apply in this case. Thus computed, Gray is entitled to a refund of unearned interest of $184.67, and the judgment in favor of Gray will be reduced to this amount.
The other question for decision is whether under the circumstances the retention by Holders of the entire face value of the unmatured installment payments created a usurious transaction. We hold that it did not. At most, the interest received by Holders over the entire period amounted to only 7.299%, according to the Court's calculations. Moreover, Holders were not obliged to receive voluntary payment before maturity since there was no prepayment privilege in the note. If the payment had been voluntary, the transaction would not have been rendered usurious even if the rate had exceeded eight percent. Hood v. First National Bank in Meridian, 208 Miss. 658, 45 So.2d 251 (1950).
The judgment of the court below is reversed and the judgment is reduced to $184.67, being the amount of unearned interest received by Holders.
Reversed and rendered.
RODGERS, P.J., and PATTERSON, INZER, ROBERTSON, WALKER and BROOM, JJ., concur.