Walter E. BOYD, Jr., Appellant,

v.

LIFE INSURANCE COMPANY OF the SOUTHWEST, Appellee.

No. 1541.

Court of Civil Appeals of Texas, Houston (14th Dist.).

Jan. 19, 1977.

Rehearing Denied Feb. 9, 1977.

John T. Bentley, Jeffrey H. Hubbard & Associates, Houston, for appellant.

Robert H. Fisher, Carl, Lee & Fisher, Houston, for appellee.

CIRE, Justice.

This appeal is from a take-nothing judgment in a usury case.

On October 26, 1973, appellant Walter E. Boyd, Jr. signed a promissory note payable to appellee Life Insurance Co. of the Southwest for a principal sum of $13,500.00 with ten percent annual interest. The note was payable in 180 monthly installments of $145.08 beginning December 1, 1973. It was secured by a vendor's lien and deed of trust on a piece of property. Boyd paid nine installments on the note, from December 1, 1973 to August 1, 1974. In August, 1974 appellant sold the property because he had encountered difficulty in making the note payments. The principal balance at this time was $13,196.81. At the time of the closing of this sale, Boyd paid $14,785.31 to the insurance company. He understood that part of this amount was a charge or penalty for payment of the note before maturity. He protested this prepayment penalty in writing.

Boyd sued the insurance company, claiming that the prepayment penalty of $1,535.29 was actually interest, and that this amount brought the rate of interest on the note .over the ten percent allowed on such obligations under the usury statute, Tex.Rev.Civ.Stat.Ann. art. 5069–1.02 (1971). After a nonjury trial, the court rendered a take-nothing judgment. There were no findings of fact or conclusions of law requested.

In his sole point of error, Boyd contends that by its judgment the trial court impliedly held that the prepayment charge was not interest and that this was error. We overrule this point. The statutory definition of interest is "the compensation allowed by law for the use or forbearance or detention of money . . . ." Tex.Rev.Civ.Stat. Ann. art. 5069–1.01(a) (1971). The charge here was not for the use of money, but for the privilege of repaying the loan before maturity. Boyd could have paid the note under the terms set out and avoided any prepayment penalty. Instead, he chose to prepay the note long before maturity. The insurance company accepted Boyd's prepayment, but charged him for the privilege. This charge was not interest. *Gulf Coast Inv. Corp. v. Prichard,* 438 S.W.2d 658, 661 (Tex.Civ.App.-Dallas) *writ ref'd n.r.e. per curiam,* 447 S.W.2d 676 (Tex.Sup.1969).

Affirmed.