Defendants, Miles College, Inc. (a nonprofit Alabama corporation), Willie Clyde Williams (President of Miles College), and Wayman Shiver (Dean of Miles College), appeal from a final judgment, based in part on a jury verdict, entered in the Circuit Court of Jefferson County (Bessemer Division) that determined Miles College had breached its employment contract with plaintiff, Dr. Leavy W. Oliver (a tenured *Page 511 
professor at Miles), and ordered the college to reinstate Oliver with back pay from the date of termination until the date of reinstatement. We reverse and remand.
 Issue
This case turns on whether the trial court committed reversible error by impanelling a jury and submitting the following question to it:
 "* * * Did the defendants follow the procedure as set out in the 1977 Miles College Handbook for terminating a tenured faculty member in terminating the plaintiff's contract of employment? * *"
 Facts
The facts concerning the firing of Dr. Oliver are not important to the resolution of the issue presented on this appeal and will not be detailed in this opinion. Dr. Oliver commenced this action by filing a two count complaint: the first count alleged breach of contract and sought declaratory and injunctive relief; the second sought specific performance of Dr. Oliver's employment contract. He subsequently amended count one to include, inter alia, a prayer for reinstatement, back pay, and a request for trial by jury; by another amendment he added a third count alleging fraud. Defendants filed timely answers to the complaint as amended.
Dr. Oliver contends Miles College breached his contract of employment with it by failing to follow the termination procedures set forth in the Miles College Faculty Handbook (1977 Edition), the provisions of which were incorporated by reference into his contract with Miles. There is no dispute among the parties as to the actual procedure Miles College followed in terminating Dr. Oliver's employment.
On 14 February 1977, a trial of all issues was commenced. Before the trial commenced, plaintiff and defendants filed motions for summary judgment. The motions were denied. Over objection of defendants, a jury was impanelled for trial of the case. At the conclusion of the case the trial court submitted the question to the jury as it is set out under our statement of "Issue," supra. The verdict of the jury answered in the negative. The trial court subsequently entered a final judgment based, at least in part, on that verdict. This appeal ensued.
 Decision
As previously stated, there is no dispute about the actual procedure followed in the discharge of Dr. Oliver; therefore, the question submitted to the jury involved the proper construction of Dr. Oliver's contract of employment with Miles College. We find the construction of that contract was a question of law for determination by the trial court; therefore, improperly submitted to the jury and under the facts of this case was prejudicial error requiring reversal.
Under the prevailing rule of law in Alabama it is incumbent upon the trial court to determine the force and effect of the terms of a contract, as a matter of law, when such terms are clear and unambiguous. C.F. Halstead Contractor, Inc. v. Dirt,Inc., 294 Ala. 644, 320 So.2d 657 (1975) (on rehearing):Johnson-Rast Hays, Inc. v. Cole, 294 Ala. 32, 310 So.2d 885
(1975); Travelers Insurance Co. v. Kernachan, 283 Ala. 96,214 So.2d 447 (1968). It is also the duty of the trial court to ascertain whether the contract is ambiguous in light of its terms. Air Conditioning Engineers v. Small, 259 Ala. 171,65 So.2d 698 (1953). Should the trial court determine a contract to be ambiguous, yet not void for uncertainty, the question of the true meaning of the contract becomes an issue for the jury to decide. Id. To aid the jury in this determination, evidence of facts and circumstances aliunde (from another source) or inpais (outside the record of the contract) may be introduced to aid the jury in its clarification of the terms of the contract; it then becomes the province of the jury to draw inferences and ascertain those facts from which the true meaning of the contract's terms can be determined. Id.
After careful examination of the Miles College Faculty Handbook, made a *Page 512 
part of Dr. Oliver's contract, we find no ambiguity in the terms of that instrument regarding the procedures to be followed in terminating a tenured professor. Those procedures are clearly delineated in that handbook, are not extraneous to it, nor outside the record of that handbook. See AirConditioning Engineers, supra. We, therefore, conclude the trial court erred to reversal by submitting the question to the jury.
Having found that reversal is required because the contract is clear and unambiguous, we specifically pretermit consideration of defendants' other arguments urging reversal.
For the reasons assigned, the judgment is due to be reversed and the case remanded for further proceedings not inconsistent with this opinion.
REVERSED AND REMANDED.
TORBERT, C.J., and FAULKNER, JONES and ALMON, JJ., concur.