**John M. WARE, Appellant,**

v.

**TRAVELER'S INDEMNITY COMPANY, Appellee.**

**No. 16453.**

Court of Civil Appeals of Texas, San Antonio.

July 25, 1980.

J. Ken Nunley, Dodson, Nunley & Taylor, Uvalde, for appellant.

William Jeffers, Jr., San Antonio, for appellee.

MURRAY, Justice.

The appellants instituted this action alleging that the appellee charged them interest on a note at a usurious rate, and that they were therefore entitled to penalties in accordance with Article 5069–1.06(1), Texas Revised Civil Statutes Annotated.

In January of 1976 the appellants executed a long–term real estate lien note in the amount of $72,000 payable to the appellee. The note provided that interest at the rate of ten per cent (10%) per annum was to be paid on the first day of January and the first day of July of each year during the term of the note. The note further provided that prepayment of the principal could be made "on any interest due date on or after July 1, 1977," by paying a certain penalty charge on the amount prepaid.

The appellants notified the appellee in February of 1978 that they desired to pay off the note in full. In reply, the appellee submitted a pay–off statement, which provided for the payment of interest to July 1, 1978, the next prepayment date. Shortly thereafter, on March 2, 1978, the appellees paid the total amount due, including $2,268.77, which represented interest from March 2, 1978, to July 1, 1978. The appellants alleged: 1) that the life of the loan was from January of 1976 until the date of payment, March 2, 1978; and 2) that when the $2,268.77, representing interest from March 2, 1978, to July 1, 1978, is added to the interest collected over the life of the loan, the amount charged as interest is in excess of that allowed by law.

The case was submitted to the trial court upon stipulated facts. Although the court found that no usurious interest had been contracted for, charged or received, it declared that the appellants were entitled to recover $2,268.77 on a theory of unjust enrichment. From this judgment an appeal has been perfected.

By four points of error the appellants contend that the agreed facts establish that the appellee charged and collected usurious interest. In its cross–point the appellee attacks the trial court's judgment awarding the appellants $2,268.77.

It is undisputed that if the payment had been made on July 1, 1978, the next prepayment date, the transaction would have been free of usury. Thus, the question before us is whether the voluntary payment of the note on March 2, 1978, instead of on July 1, 1978, rendered the transaction usurious.

█ The courts of this country have uniformly held that a loan transaction otherwise free of usury is not rendered usurious by a voluntary repayment prior to maturity even though the interest paid to the lender exceeds the lawful interest rate computed to the date when the loan was prepaid. In other words, as long as the interest charged and collected does not exceed the legal rate, calculated to the stipulated maturity date, the voluntary act of the borrower in prepaying the loan cannot thereby make the transaction usurious. *See, e. g., French v. Mortgage Guarantee Co.,* 16 Cal.2d 26, 104 P.2d 655, 657–58 (1940) (per curiam); *Hood v. First National Bank,* 208 Miss. 658, 45 So.2d 251, 253 (1950) (en banc); *Reichwein v. Kirshenbaum,* 98 R.I. 340, 201 A.2d 918, 919–20 (1964). Generally, it has been reasoned that in the absence of a prepayment option, a borrower who seeks and is allowed to repay a loan prior to its maturity, is seeking a privilege not otherwise his. Consequently, the allegedly excess interest is treated as a charge for the privilege of repaying the loan before maturity, rather than "compensation . . . for the use or forbearance or detention of money." Tex.Rev.Civ.Stat.Ann. art. 5069–1.01(a) (Vernon 1971) (defining interest). Thus, a sum paid for an early release of a note, being a charge for the termination of the use, forbearance or detention of money, is actually the opposite of interest, and hence cannot serve as a basis for a claim of usury.

Although not precisely in point, the Texas decisions are in accord with the above–stated rule. *See Vela v. Shacklett,* 12 S.W.2d 1007, 1008 (Tex.Com.App.1929, judgmt adopted) (prepayment provision in loan agreement giving borrower privilege to repay before maturity upon payment of three months' advance interest does not render contract usurious); *Gulf Coast Investment Corp. v. Prichard,* 438 S.W.2d 658, 661 (Tex. Civ.App.—Dallas) (prepayment penalty cannot be considered interest), writ ref'd n. r. e. per curiam, 447 S.W.2d 676 (Tex.1969); *Boyd v. Life Insurance Co. of the Southwest,* 546 S.W.2d 132, 133 (Tex.Civ.App.—Houston [14th Dist.] 1977, writ ref'd) (prepayment charge not interest).

█ The loan agreement did not authorize prepayment on March 2, 1978. Thus, the appellee's acceptance of the prepayment granted the appellants a privilege they would not have otherwise had. For the above–stated reasons we hold that the voluntary prepayment of the loan on March 2, 1978, which included interest computed to July 1, 1978, the next prepayment date, does not constitute usury. It follows that the appellee was not unjustly enriched by retaining the $2,268.77.

Accordingly, the judgment of the trial court awarding the appellants $2,268.77 is reversed and rendered. The judgment of the trial court denying the appellants' recovery under Article 5069–1.06(1), Texas Revised Civil Statutes Annotated, is affirmed.