**C.C. BEARDEN and M.L. Richards DBA Bearden & Richards, Appellants,**

v.

**TARRANT SAVINGS ASSOCIATION, Appellee.**

**No. 2–82–032–CV.**

Court of Appeals of Texas, Fort Worth.

Dec. 2, 1982.

Rehearing Denied Dec. 30, 1982.

Godfrey, Decker, McMackin, Shipman, McClane & Bourland and Richard L. Bourland, Fort Worth, for appellants.

Brown, Herman, Scott, Dean & Miles and Dennis M. Conrad, Fort Worth, for appellee.

Before MASSEY, C.J., and RICHARD L. BROWN and HOLMAN, JJ.

OPINION

HOLMAN, Justice.

This is an appeal from a suit for usury by appellants against appellee Tarrant Savings Association which resulted in the granting of a summary judgment in favor of appellee by the trial court.

We affirm.

After first receiving a commitment from Tarrant Savings for a loan of $100,000.00 within seven months from November 17, 1978, for the payment of $1,000.00, appellants exercised their option on May 17, 1979 and secured from appellee a 20 year loan for $100,000.00, payable monthly at the rate of ten percent (10%) per annum. Paragraph three of the promissory note granted to appellants a prepayment option in the following language:

> The balance owing on the principal of this note may be paid at any time after five years from date hereof without penalty; and may be paid at any time prior to five years from date hereof by paying to the

holder hereof an amount equal to 365 (one year) days' additional interest on the balance of principal then owing.

On November 20, 1979, only six months after executing the 20 year note, appellants exercised their prepayment option and paid off the note. They also paid to Tarrant Savings, as provided in the note, a prepayment penalty of $9,932.55, which represented one year's interest on the balance then due.

Appellants then sued Tarrant Savings for usury, claiming that the $9,932.55 payment, when coupled with the interest already paid to the date of the prepayment penalty, constituted usurious interest.

Appellants raise four points of error in their brief, but all of them, in effect, contend that the summary judgment was improper because there was a fact issue as to whether the prepayment sum of $9,932.55 was reasonable in relationship to the loss or inconvenience suffered by appellee. Appellee, on the other hand, simply argues that prepayment penalty, provided for in the note signed by appellants, was not interest, under the statutory definition of interest, Tex.Rev.Civ.Stat.Ann. art. 5069–1.01(a) (1971), and that the admitted fact issue of reasonableness was immaterial. Appellee says, therefore, that the summary judgment was proper, because the only fact issue, that of reasonableness, was not a material fact issue. It argues that the prepayment penalty is consideration for the privilege of termination of the payment of interest for twenty years, and is not "compensation allowed by law for the use, forbearance or detention of money; . . ." We agree with this proposition.

In support of their argument that there was a fact issue in this case preventing summary judgment, appellants rely almost wholly on the case of *Gonzales County Sav. & Loan Assoc. v. Freeman,* 534 S.W.2d 903 (Tex.1976). In that case, which involved a "front-end" 2% charge of $768, and not a prepayment penalty, the Supreme Court held there were fact issues as to whether the charge was a bona fide commitment fee for the loan or a "reasonable" expense,

which precluded the granting of summary judgment. The Court in *Freeman* emphasized that its opinion in that case was limited to bona fide commitment fees, and said that where there is a dispute in the evidence as to whether the charge is merely a device to conceal usury, a question of fact is raised for the jury. The Court also said, in discussing the effect of Tex.Rev.Civ.Stat. Ann. art. 852a, sec. 5.07, which is also involved in the case before us, that: "Further, penalties need bear some reasonable relationship to the amount of loss or inconvenience suffered by the lender due to prepayment or late payment by the borrower . . . ."

Appellee contends that the *Freeman* case does not apply to the prepayment situation here and that the statements in *Freeman* concerning penalties were merely dictum. Appellee argues further that Texas law is well established that a prepayment penalty is not "interest" as the legislature has defined that term, but is simply the consideration given by a borrower for the privilege, which he would not otherwise have, of paying his debt in full, at his own option, before its maturity. The reasonableness or unreasonableness of the consideration given for this option, appellee argues, is immaterial.

Tarrant Savings Association relies in part, as did the Savings and Loan Association in *Freeman,* for its position that the prepayment penalty was permissible and was not interest, under Tex.Rev.Civ.Stat. Ann. art. 852a, sec. 5.07, which reads in pertinent part:

> "*In addition, associations may charge premiums for making such loans as well as penalties for prepayments or late payments; . . . [t]he expenses, fees and charges authorized herein shall be in addition to interest authorized by law, and shall not be deemed to be a part of the interest collected or agreed to be paid on such loans within the meaning of any law of this State which limits the rate of interest which may be exacted in any transaction. . . .*" (Emphasis added.)

The Supreme Court in *Freeman* noted that the purpose of art. 852a, sec. 5.07 was "to exclude from consideration as interest a charge which would otherwise plainly fit within the definition of 'interest.'"

We think that a prepayment penalty does not "plainly fit within the definition of 'interest'", as described in *Freeman,* and that therefore a savings and loan association such as appellee here need not rely on art. 852a, sec. 5.07 or any other statute purporting to exempt prepayment penalties from the definition of "interest."

A prepayment penalty is not a charge for the "use, forbearance or detention of money," but is actually the opposite thereof. It is a payment, a consideration, for the option or privilege, as in this case, of paying off a loan early to avoid payment of high interest over a long term of years. Here, appellants committed themselves to a 20 year loan, with interest at ten percent (10%) per annum for twenty years, but, because of the prepayment privilege granted them in the note, paid off the loan at a penalty, naturally, within six months from the date of executing the loan. By so doing they saved themselves interest payments for nineteen and one-half years.

There are many cases, decided both before and after *Gonzales County Sav., supra,* which hold that a prepayment penalty, being a charge for the termination of the use, forbearance or detention of money, is not "interest", but is instead exactly the opposite of "interest". *See,* among others, *Vela v. Shacklett,* 12 S.W.2d 1007 (Tex.Civ.App. 1929); *Southland Life Ins. Co. v. Egan,* 126 Tex. 160, 86 S.W.2d 722 (1935); *Ware v. Traveler's Indem. Co.,* 604 S.W.2d 400 (Tex. Civ.App.—San Antonio 1980, writ ref'd n.r. e.); *Boyd v. Life Ins. Co. of the Southwest,* 546 S.W.2d 132 (Tex.Civ.App.—Houston, [14th Dist.] 1977). None of these cases make any mention of a requirement of "reasonableness" before a prepayment penalty would be approved by the courts.

In *Boyd v. Life, supra,* the point of law was succinctly stated: "In his sole point of error, Boyd contends that by its judgment the trial court impliedly held that the pre-payment charge was not interest and that this was error. We overrule this point. The statutory definition of interest is 'the compensation allowed by law for the use, forbearance or detention of money . . .' Tex.Rev.Civ.Stat.Ann. art. 5069–1.01(a) (1971). The charge here was not for the use of money, but for the privilege of repaying the loan before maturity. Boyd could have paid the note under the terms set out and avoided any prepayment penalty. Instead, he chose to prepay the note long before maturity. The insurance company accepted Boyd's prepayment, but charged him for the privilege. This charge was not interest. *Gulf Coast Inv. Corporation v. Prichard,* 438 S.W.2d 658, 661 (Tex. Civ.App.—Dallas, writ ref'd n.r.e. per curiam), 447 S.W.2d 676 (Tex.Sup.1969)."

The San Antonio Court of Civil Appeals in *Ware v. Traveler's, supra,* in approving a prepayment penalty, said: "The courts of this country have uniformly held that a loan transaction otherwise free of usury is not rendered usurious by a voluntary repayment prior to maturity even though the interest paid to the lender exceeds the lawful interest rate computed to the date when the loan was prepaid. *In other words, as long as the interest charged and collected does not exceed the legal rate, calculated to the stipulated maturity date, the voluntary act of the borrower in prepaying the loan cannot thereby make the transaction usurious. . . . Thus, a sum paid for an early release of a note, being a charge for the termination of the use, forbearance or detention of money, is actually the opposite of interest, and hence cannot serve as a basis for a claim of usury.*" (Emphasis added.)

The above quoted language from *Ware,* which opinion was approved by the Supreme Court by its refusal of writ of error, pretty well scuttles the argument that the prepayment penalty must be reasonable with respect to any loss or inconvenience caused the lender. The Court in *Ware* said that as long as the interest charged and collected does not exceed the legal rate *calculated to the stipulated maturity date,* a prepayment penalty cannot be usurious. It

is noted that both *Boyd* and *Ware* were decided after the Supreme Court's opinion in *Freeman.*

The case of *Stedman v. Georgetown S. & L. Ass'n.* 595 S.W.2d 486 (Tex.1980), though not precisely in point since it involved not a prepayment penalty but a commitment fee, adds fuel to appellee's argument here that a prepayment penalty is not under any circumstances "interest". The Supreme Court in *Stedman,* in language that is patently applicable to the case before us, said: "Stedman urges that in any event, the 10 percent per annum consideration which he agreed to pay during the time of the option was so unreasonable that it should be held as a matter of law to be a cloak to conceal usury. *This contention ignores the fact that it was within Stedman's sole option as to whether or not he desired to secure the permanent loan from the association. If he chose not to do so, he concedes the amounts paid by him during the time of his option would not be usurious interest. . . . In any event the reasonableness of the amount charged would not constitute usurious interest since it was consideration for a bona fide commitment fee. For usury to apply there must be an overcharge by a lender for the use, forbearance or detention of the lender's money. Where the evidence establishes that the charge was made for the commitment option, it would not be for the use, forbearance or detention of the lender's money so as to constitute interest. Rather, the borrower has brought the right to secure a loan if he later decides he wants it. As long as the charge is made for a bona fide commitment fee, it cannot form the basis of a usury penalty against the lender.* (Emphasis added.) *Crow v. Home Savings Association of Dallas County,* 522 S.W.2d 457 (Tex.1975)."

For the reasons stated we hold that the learned trial judge properly granted summary judgment in this case, because, while there was admittedly a fact issue as to reasonableness of the prepayment penalty, it was, under the cases here cited, and under the summary judgment proof, immaterial.

The judgment is affirmed.