MONROE, Judge.
This is an . appeal from a declaratory judgment entered in favor of David and Shirley McGowan, in which the trial court declared that they had the right to satisfy a note and mortgage held by Grace Wills Brannon by payment of the principal amount plus interest to the date of payment.
On August 16, 1982, the McGowans purchased a house from Brannon. Brannon provided the financing for the amount of the purchase price in excess of the down payment, the bulk of which was secured by a promissory note. The mortgage repayment provision provided:
“That Whereas, David McGowan and Shirley McGowan, husband and wife, ... are justly indebted to Grace Wills Bran-non, ... in the sum of Twenty-Three Thousand and no/100 Dollars ($23,000) evidenced by a note of even date herewith providing for the payment of $1400.00 on January 10, 1983, and a note of even date herewith providing for the payment of principal and interest in one hundred eighty (180) monthly installments of $279.75 each, commencing on the 15th day of September, 1982, and continuing on the 15th day of each month thereafter until said indebtedness is paid in full.”[1]
The mortgage further stated that the notes given to secure the purchase price “are to be paid according to the terms and installments as set out above.” There was no provision for prepayment of the debt.
*992 The McGowans paid the installments as due until June 15, 1994, when they stopped making the scheduled payments because they had requested to prepay the remaining balance of the debt in full, plus accrued interest, and Brannon had refused to accept the prepayment. On September 9, 1994, the McGowans sued for a judgment declaring that they were entitled to satisfy the mortgage. The ease was tried ore tenus on December 20, 1994, and on March 3, 1995, the trial court entered a judgment in favor of the McGowans, declaring that they have the right to satisfy the note and mortgage by paying the balance of the premium due, plus the interest due until the date of payment. Brannon filed a motion for a new trial or, in the alternative, a motion to alter, amend, or vacate the judgment, which was denied. Brannon appealed to the Supreme Court, which deflected the case to this court pursuant to § 12-2-7(6), Ala.Code 1975.
Brannon contends that the trial court erred in allowing the McGowans to prepay their mortgage. He argues that the accurate rule of law is that a mortgagor cannot unilaterally force a mortgagee to accept prepayment of a debt, absent an agreement of the parties.
Alabama statutorily provides that in some circumstances a mortgagor may prepay before maturity without penalty. § 5-19-4(c), Ala.Code 1975. However, this statute provides protection only against creditors who “regularly extend or arrange for the extension of credit.” § 5-19-1(3), Ala.Code 1975; In re Crotzer, 147 B.R. 252, 255 (Bankr.N.D.Ala.1992). Because Brannon was not in the business of regularly providing financing, the statute is inapplicable here.
The traditional common law proposition, following English law, is that when there is no contrary statutory authority, or agreement between the parties, a mortgagor generally has no right to pay off the obligation before the stated maturity date. Vicki A. Huffman, Annotation, Construction and Effect as to Interest Due of Real Estate Mortgage Clause Authorizing Mortgagor to Prepay Principal Debt, 86 A.L.R.3d 599, § 2[a] (1978). See also, 55 Am.Jur.2d Mortgages § 397 (1971); ; 70 C.J.S. Payment § 7 (1987); 10 C.J.S. Bills and Notes § 442 (1972); 60 Am.Jur.2d Payment § 111 (1987). The reasoning behind this approach is that allowing prepayment would cause inconvenience to mortgagees, who often extend credit as an investment. Harry Cohen, Alabama Mortgage Law 75 (1989).
However, Alabama case law on this issue is virtually nonexistent. The issue was briefly addressed in Travelers Ins. Co. v. Kerna-chan, 283 Ala. 96, 214 So.2d 447, 450 (1968), in which the Court noted, “We do not dispute the Appellant’s statement of the law and agree ... that where there is no prepayment agreement between the lender and [the] borrower, the lender is entitled to all interest until maturity.” (Emphasis original). However, in that case, the contract did contain a prepayment provision, and the issue before the Court was whether that provision was clear and unambiguous. Thus, the statement regarding prepayment absent an agreement was dictum, and not controlling precedent.
In recent years, there has been a trend to change the prevalent common law rule, both statutorily and judicially. Alabama has followed this trend by enacting, along with other states, legislation that allows prepayment without penalty in the majority of mortgage situations. Section 5-19-4(c), Ala.Code 1975; see also, Frank S. Alexander, Mortgage Prepayment: The Trial of Common Sense, 72 Cornell L.Rev. 288, 326-28 (1987). We believe the better reasoning is found in the opinion of the Pennsylvania Supreme Court, which reversed the common law rule prohibiting prepayment in favor of a presumption that, when loan documents are silent regarding prepayment, the debtor has the right to prepay. Mahoney v. Furches, 503 Pa. 60, 468 A.2d 458 (1983).
The facts of Mahoney are strikingly similar to those in this case, including the fact that the mortgagor sought to prepay the entire mortgage debt with interest to the date of tender and. then sued for declaratory relief when the mortgagee refused the payment. The court examined the common law rule and discussed the counter-argument that the prohibition of prepayment would, in many eases, result in impeding the alienabili *993 ty of land, because the mortgagor cannot pass clear title to land secured by a note until the note is satisfied. Id., 503 Pa. at 63, 468 A2d at 461. In that respect, the old common law rule is inconsistent with another common law rule; absolute restraint on the power of alienation is void as against public policy. “The attempted restraint upon the power of alienation is inconsistent with the grant [of property in fee simple], the power to sell or lease being an inseparable incident of an estate in unqualified fee; and to allow such restraint would offend public policy.” Libby v. Winston, 207 Ala. 681, 93 So. 631 (1922). See also, Pritchett v. Turner, 437 So.2d 104 (Ala.1983). Therefore, the court decided that it would be wiser to establish a presumption in favor of allowing prepayment when a mortgage is silent in that regard. Id.
The court further reasoned that the presumption would not work a hardship on mortgagees, as the common law presumes, because the mortgagee is usually the drafter of the mortgage note and can therefore expressly prohibit prepayment and put the mortgagor on notice that the mortgagor will be unable to sell the land for the duration of the term of the note. Id.
The dissent argues that this court cannot deviate from the common law because such a deviation is within the province of the legislative branch of government and not the judicial branch. The dissent continues by saying that the judiciary is “compelled to follow the common law on any subject when the same has not been changed by the legislative branch of our government.” Smith v. United Construction Workers, District 50, 271 Ala. 42, 43, 122 So.2d 153, 154 (1960), overruled on other grounds, Swartz v. United States Steel Corp., 293 Ala. 439, 304 So.2d 881 (1974). While that is a correct statement of the law, we recognize that “the common law is not static, but is constantly undergoing change, and extension, to meet changing conditions due to the ever expanding business and social fabric.” Woodmen of the World Life Ins. Soc. v. Guyton, 239 Ala. 216, 220, 194 So. 655, 658, (1940). The Alabama Supreme Court has held that Title 1, Section 3, Code of Alabama 1940 (now § 1-3-1, Ala. Code 1975)
“clearly reflects [an] invitation to change and growth in the common law of Alabama. While this section provides that the common law of England shall be the rule of decisions, except as it may be altered or repealed by the legislature, it further provides that such law shall apply so far as it is not inconsistent with the Constitution, laws, and institutions of this state, and the common law together with the laws and institutions shall be the rule of decisions.”
Swartz v. United States Steel Corporation, 293 Ala. 439, 443, 304 So.2d 881 (1974) (emphasis in the original). The court in Swartz also wrote that “The common law is decisional law. It is not frozen into unchangeable tablets of stone.” Id. at 442, 304 So.2d 881.
We find the Pennsylvania Supreme Court’s reasoning to be persuasive. Like that court, we hold that where a mortgage note is silent as to the right of prepayment, the law will presume that the debt may be prepaid.
Therefore, the trial court properly held that the McGowans were entitled to prepay the balance of the mortgage principal, plus interest to the date of payment. The judgment is due to be affirmed.
Each party’s request for an attorney fee is denied.
AFFIRMED.
ROBERTSON, P.J., and THIGPEN, and YATES, JJ., concur.
CRAWLEY, J., dissents.

. The McGowans actually made monthly payments of $275.79, pursuant to an amortization schedule. The parties do not make issue of the discrepancy.