I respectfully dissent from the majority's holding that the contract provision at issue is ambiguous and therefore fatal to Mann's motion for class certification.
It is a long-standing rule of contract law in Alabama that a contract is to be construed more strongly against the party who drafted the contract. See Jewell v. Jackson Whitsitt Cotton Co.,313 So.2d 157 (Ala. 1975), citing Travelers Ins. Co. v. Kernachan,283 Ala. 96, 214 So.2d 447 (1968). In Alabama-Tennessee Natural Gas Co. v. City of Huntsville, 275 Ala. 184, 193, 153 So.2d 619,619 (1963), we stated:
 "It is a rule of long standing that the courts will construe doubtful terms in a contract more strongly against the party who framed or prepared them, and when the instrument is capable of two constructions, it should receive that which is most unfavorable to the maker."
The cellular service contract that Mann asserts he and each putative class member executed reads, in pertinent part, as follows (blanks are to be filled in for each subscriber):
"SERVICE ACTIVATION
"One-Time Connection Fee $
"SERVICE PLAN
"Name Code
 "Access $ per month "Minutes Included per month "Peak per minute "Off-Peak per minute"
(R. 695-96, Exhibit 4.)
The "Service Rates and Charges" paragraph in the contract provides that the "Customer agrees to pay [the] Company for the use of Service for the service rate plan selected at the rates and charges then currently in effect." The language in the service rates and charges paragraph and the language in the service rate plan must be considered together, applying the rules of contract construction, to determine whether the language is susceptible to more than one interpretation and therefore ambiguous.
It is well-settled law that the words of a contract are to be given their ordinary meaning, and the intention of the parties is to be derived, if possible, from the provisions of the contract itself. See Food Service Distributors, Inc. v. Barber,429 So.2d 1025 (Ala. 1983), citing Sisco v. Empiregas, Inc. of Belle Mina,286 Ala. 72, 237 So.2d 463 (1970); see also Burks v. Pickwick Hotel, 607 So.2d 187 *Page 156 
(Ala. 1992), citing Hibbett Sporting Goods, Inc. v. Biernbaum, 391 So.2d 1027, 1029 (Ala. 1980).
Webster's Third New International Dictionary (1986) defines the word "per" as "for each of an implied unit (as of time)" and "minute" as "a unit of time equal to the 60th part of an hour and containing 60 seconds." If the words "per minute" are given their ordinary and plain meaning, the service contracts are unambiguous. Given the rule of construction that a contract is to be construed more strongly against its drafter, the contract here is susceptible to only one reasonable interpretation, that is, that the per-minute rate is to be applied to each minute used or fractionally to each second used in excess of a full minute.
I recognize the dilemma the trial judge faced when he stated: "To reach this conclusion [that the cellular agreement unambiguously prohibited GTEM from rounding up], the Court would have to hold, as a matter of law, that the agreement's references to `per minute' actually mean `per second,' `per six seconds,' or per some other increment." To determine that the cellular contract is not ambiguous, it is not necessary to decide how GTEM will apply the rate to time used. For example, GTEM could very well apply the per-minute rate to each whole minute and fractionally to each second of use in excess of a minute or it could aggregate all of a customer's use during a specific period and apply the rate only to units representing full minutes, without regard to fractional units and without rounding up. I recognize that, if GTEM chose to charge only for whole units without regard to fractional units, an argument could be made that GTEM should not have to forgo charging for fractional time. However, Mann makes an equally compelling argument that GTEM should not be able to round up and in effect charge for time that was not used.
The defendant prepared the service contracts in question, and, therefore, could have included language that permitted rounding up airtime used in excess of a minute to the next minute if it intended to do so. Viewing the contractual terms in a light most favorable to Mann, as we are required to do, the plain and ordinary interpretation of the terms "per" and "minute" restricts cellular charges to a full minute of airtime used and then to any fractional part of a minute (i.e., seconds) in excess of a full minute. Therefore, GTEM cannot create an ambiguity by stating that because the contract does not prohibit rounding up, it could be interpreted to permit rounding up. Under the rules of contract construction discussed above, GTEM is bound by a construction of the contract most favorable to Mann.
Moreover, a determination that the contract is not ambiguous is strengthened by the language in the contract regarding per-minute billing for use of the service. I am persuaded by Mann's argument as set for in his brief to the court:
 "GTEM cannot argue either that its agreements were patently or latently ambiguous. Although none expressly prohibited `rounding up,' all provided for per-minute billing for use of the service. The agreements therefore provided for billing of time used, and under Alabama law `[a] familiar maxim of statutory construction, expressio unius est exclusio alterius, is equally applicable in contract to construction of contract language.' Where the agreements specified billing for time used, they cannot be construed to permit billing for time not used. Because its subscribers agreed to pay per minute for time used, GTEM cannot now argue either that the term `per minute' is patently ambiguous, or that the absence of an express prohibition of `rounding up' vests the agreement with a latent ambiguity,"
Brief of Appellant, at 38 (citation omitted). Therefore, I conclude that the contract language is not ambiguous.
Based on the terms of the contract, I would also find that an individual inquiry into each putative class member's understanding of the meaning of the term "per minute" would not be necessary to determine whether the individual contracts were breached. The class would be limited to those cellular customers whose service contracts did not specifically permit rounding up, whose airtime usage was rounded up to the next full minute, and whose accounts were not in arrears *Page 157 
when this action was taken. Therefore, I believe Mann has shown that a question of fact or law common to the class exists, and he has met the commonality requirement.
Likewise, Mann's claim is typical of those of the class as a whole. GTEM argues that the alleged wrongdoing asserted by the potential class does not involve all members because some were aware of its practice of rounding up. However, customers who were aware of the rounding-up practice or whose contracts specifically permitted rounding up would be excluded from the class.[4] These customers would not meet definition of the class and would therefore be excluded from the class.
I also believe the proposed class would be manageable. No inquiry into each putative class member's understanding of the meaning of the term "per minute" would be necessary because the contract is unambiguous when those words are given their ordinary meanings. Furthermore, because customers against whom a counterclaim would be asserted based on past due accounts are excluded from the putative class by definition of the class, there is no threat of possible counterclaims against potential class members. Therefore, any putative class members who may be subject to counterclaims from the class action would also be excluded.
Because I believe the contract is unambiguous and because I believe the plaintiff meets the requirements of Rule 23(a), I would hold that the trial court abused its discretion in denying class certification. Therefore, I dissent.
[4] The amended class definition included "[a]ll CellularOne and GTE subscribers [in] the State of Alabama who entered into a cellular service agreement on or after December 9, 1989, whose cellular service agreement would prohibit the `rounding up' of the air time they incur for purposes of billing, who have been subject to having the air time they incur `rounded' up to the next full minute, and whose past or present accounts have not been [in] arrears at any time during the course of this action. Excluded from the Class are all subscribers who are employees or officers of defendants or members of their immediate families."