United States Court of Appeals
Fifth Circuit

**F I L E D**

May 10, 2004

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT

No. 03-20811

PARKCHESTER HOLDINGS, INC.,

Plaintiff, Counter Defendant, Appellant-Cross-Appellee,

versus

GE LIFE AND ANNUITY ASSURANCE COMPANY,

Defendant, Counter Claimant, Appellee-Cross-Appellant.

Appeal from the United States District Court
for the Southern District of Texas
(H-03-CV-762)

Before BARKSDALE, EMILIO M. GARZA, and STEWART, Circuit Judges.

PER CURIAM:[*]

Parkchester Holdings, Inc. executed a promisory note in favor of GE Life and Annuity Assurance Company for $1,675,000.00, with interest at eight percent per annum, payable monthly for 180 months. The note contained a prepayment penalty clause. Parkchester repaid its obligation prior to the maturity date of the note and, pursuant to the prepayment clause, paid GE Life $267,236.07. Parkchester then filed this action in Texas state

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

court, claiming the prepayment was an unreasonable and unenforceable penalty. GE Life removed the action to federal court and counterclaimed for a declaratory judgment that the prepayment was enforceable and for attorney's fees pursuant to the note and corresponding deed of trust. Pursuant to GE Life's FED. R. CIV. P. 12(b)(6) motion, the district court dismissed Parkchester's claim and entered final judgment, referencing the reasons stated in its order of dismissal; but, in so doing, it did not rule on GE Life's claims.

Under Texas law, there is no merit to the contention that a prepayment of the type at issue must be reasonable; therefore, Parkchester's claim was properly dismissed. *See, e.g.,* TEX. FIN. CODE ANN. § 306.005 (Vernon 2002) ("A creditor and an obligor may agree to a prepayment penalty in a loan subject to this chapter."); ***Bearden v. Tarrant Sav. Ass'n***, 643 S.W.2d 247, 249 (Tex. App.—Fort Worth 1982, writ ref'd n.r.e.) (holding, under Texas law, no requirement for prepayment penalty to be reasonable). Presumably through oversight, the district court did not address GE Life's claims for declaratory judgment and attorney's fees.

Accordingly, dismissal of Parkchester's claim is **AFFIRMED**; the remainder of the judgment is **VACATED**; and this matter is **REMANDED** for consideration of GE Life's claims. Parkchester's motion to certify the reasonableness *vel non* issue to the Texas Supreme Court is **DENIED**.

2

*MOTION TO CERTIFY DENIED; AFFIRMED IN PART;*
*VACATED AND REMANDED IN PART*