■ In the Matter of HORSEHEADS COMMERCIAL DEVELOPMENT PARTNERS, Respondent, v HORSEHEADS INDUSTRIAL REALTY ASSOCIATES et al., Appellants. [642 NYS2d 365] —Spain, J. Appeal from an order of the Supreme Court (Ellison, J.), entered March 31, 1995 in Chemung County, which, inter alia, granted

petitioner's application, in a proceeding pursuant to Real Property Law § 274-a, for the production of a written instrument setting forth the amount of principal remaining unpaid on certain mortgages held by respondents.

Petitioner, a limited partnership, owns certain real property (hereinafter the property) in Chemung County which it purchased in 1988 from respondent Horseheads Industrial Realty Associates (hereinafter HIRA). The property is encumbered by various wrap mortgages* held by HIRA; petitioner and HIRA also executed a modification agreement dated April 18, 1991. HIRA purchased the property from respondents Wylie Tuttle and Herbert Papock in 1978; Tuttle and Papock purchased the property from respondent Horseheads Associates in 1974. The underlying mortgage holders consist of respondents and the United Bank of Kuwait (hereinafter the bank).

On or about October 20, 1994, petitioner received a mortgage commitment letter from the bank for $483,000 to be secured by the property; significantly, the commitment expired on November 15, 1994. By letters dated November 2, 1994, petitioner separately requested each respondent to execute and deliver "a written instrument [estoppel certificate] setting forth the unpaid principal amount of such mortgage debt, the date to which interest has been paid on such debt, the amount, if any, of any unpaid interest and any other amounts claimed to be unpaid" for each mortgage held on the property. Respondents did not honor petitioner's request. In December 1994, more than 20 days after petitioner's request was mailed, petitioner commenced this proceeding, pursuant to Real Property Law § 274-a (1), to compel production of the estoppel certificates; the proceeding was commenced in Chemung County. In response, respondents demanded a change of venue pursuant to CPLR 511 and sought an order transferring this proceeding to New York County. After issue was joined, Supreme Court, without discussion, denied respondents' motion for change of venue, granted petitioner's request and directed respondents to execute and deliver the estoppel certificates to petitioner within five business days after service of Supreme Court's order. Respondents appeal.

We reverse. Real Property Law § 274-a (1) states, in pertinent

---

* A wrap mortgage has been defined as " '[a] method of financing whereby a new mortgage to cover a new loan is placed in a secondary position to an existing mortgage in the original loan. The entire loan is treated as a single obligation' " (*Matter of 50 Overlook Assocs. v Finance Admin.*, 72 AD2d 131, 134, n 1, quoting Black's Law Dictionary 912 [5th ed]).

part: "The holder of a mortgage upon real property shall execute and deliver to the owner of the real property upon which such mortgage is a lien a written instrument setting forth the amount of the principal of said mortgage remaining unpaid, the date to which interest has been paid, and the amounts, if any, claimed to be unpaid upon said mortgage for principal and interest, itemizing the same, provided, however, that prior written demand by registered or certified mail has been made upon the holder of such mortgage by such owner of the real property and *that such owner of the real property* shall have executed and delivered to another a written contract to convey, or *shall have received a written commitment to make a mortgage loan upon,* the real property or an interest therein" (emphasis supplied).

We view the requirement "that such owner of the real property * * * shall have received a written commitment to make a mortgage loan" (Real Property Law § 274-a [1]) as a condition precedent to a property owner receiving any relief under said section. Here, the loan commitment from the bank was dated October 20, 1994 and expired on November 15, 1994. The notice of petition and petition seeking to compel the production of the estoppel certificates are dated December 20, 1994 and December 15, 1994, respectively. Clearly, at the time the proceeding was commenced, the loan commitment had expired. Having determined that the written commitment is a condition precedent, we conclude that the matter was moot prior to the commencement of the proceeding (*see, Matter of Hearst Corp. v Clyne,* 50 NY2d 707). In any event, respondents' contention that the mortgage commitment letter contained provisions prohibited by the parties' modification agreement, and was therefore illusory and could not fulfill the terms of the wrap mortgage, has merit. The modification agreement states that the mortgage "may be prepaid in full only"; however, the commitment secured by petitioner would have only allowed a partial prepayment of the HIRA wrap mortgage. The loan to which the bank committed was not enough to pay off the senior mortgage. Under the circumstances of this case, the substance of the mortgage commitment letter is insufficient to support the application pursuant to Real Property Law § 274-a. Having made such determination, we need not address respondent's remaining contentions.

Mikoll, J. P., Mercure, Crew III and Yesawich Jr., JJ., concur. Ordered that the order is reversed, on the law, without costs, and petition dismissed.