■ In the Matter of CATHEDRAL PROPERTIES CORP., Respondent, v JACQUES BLINBAUM et al., Appellants. [844 NYS2d 94]—

In a hybrid proceeding pursuant to Real Property Law § 274-a to compel Jacques Blinbaum and Cathedral Court Associates to produce a proper written instrument setting forth the amount of principal and interest remaining unpaid on a wrap mortgage, and an action, inter alia, for a judgment declaring that Jacques Blinbaum and Cathedral Court Associates must accept prepayment of the wrap mortgage, if tendered, without a penalty or prepayment fee, Jacques Blinbaum and Cathedral Court Associates appeal, as limited by their notice of appeal and brief, from so much of an order of the Supreme Court, Nassau County (O'Connell, J.), entered February 21, 2007, as (a) granted that branch of the petitioner's motion which was, in effect, for summary judgment on the first cause of action and so much of the second cause of action as sought to compel them to produce a proper written instrument setting forth the amount of principal and interest remaining unpaid on the wrap mortgage, (b) granted that branch of the petitioner's motion, which was, in effect, for summary judgment declaring that they must accept prepayment of the wrap mortgage, if tendered, without a penalty or prepayment fee and (c), in effect, severed the petitioner's third, fourth, and fifth causes of action.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the petitioner's motion, which was, in effect, for summary judgment declaring that the appellants must accept prepayment of the wrap mortgage, if tendered, without a penalty or prepayment fee, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, with costs payable to the appellants.

The petitioner, Cathedral Properties Corp. (hereinafter Cathedral Properties), is a cooperative housing corporation which owns a 215-unit apartment complex. The appellant Cathedral Court Associates (hereinafter Court Associates) was the former owner of the apartment complex and was its conversion sponsor. Court Associates still owns the unsold shares corresponding to 33 apartments. The appellant Jacques Blinbaum is a principal of Court Associates and is a member of the board of Cathedral Properties.

The Supreme Court properly determined that Cathedral Prop-

erties was entitled to a certificate of the amount of principal and interest unpaid on a wrap mortgage pursuant to Real Property Law § 274-a because it had received a mortgage commitment letter by the time this proceeding was commenced, and thus, there was a relevant transaction pending (*see Negrin v Norwest Mtge.*, 263 AD2d 39, 44 [1999]; *cf. Matter of Horseheads Commercial Dev. Partners v Horseheads Indus. Realty Assoc.*, 227 AD2d 764, 766 [1996]).

However, the Supreme Court erred in granting that branch of Cathedral Properties' motion which was, in effect, for summary judgment declaring that the appellants must accept prepayment of the wrap mortgage, if tendered, without a penalty or prepayment fee. A mortgagor has no right to pay off his or her obligation prior to its stated maturity date in the absence of a prepayment clause in the mortgage or contrary statutory authority (*see Russo Enters. v Citibank*, 266 AD2d 528, 529 [1999]; *Troncone v Canelli*, 147 AD2d 633 [1989]). Here, the wrap mortgage and extension agreement unambiguously prohibit prepayment. The appellants correctly contend that Blinbaum's conduct in preparing a "Mortgage Analysis" showing a payoff amount for the wrap mortgage constituted, at most, an offer to accept prepayment in exchange for a 2% prepayment penalty, which offer was rejected. In any event, as the extension agreement provides that it cannot be changed orally, the "Mortgage Analysis" could not change the terms of the wrap mortgage because it is unsigned (*see* General Obligations Law § 15-301 [1]).

Contrary to the appellants' contention, the Supreme Court properly, in effect, severed the third, fourth, and fifth causes of action for money damages (*see* CPLR 407).

Cathedral Properties' remaining contention is without merit. Schmidt, J.P., Santucci, Krausman and McCarthy, JJ., concur.