■ In the Matter of CATHEDRAL PROPERTIES CORP., Appellant, v JACQUES BLINBAUM et al., Respondents. [865 NYS2d 345]—

In a hybrid proceeding pursuant to Real Property Law § 274-a to compel Jacques Blinbaum and Cathedral Court Associates to produce a proper written instrument setting forth the amount of principal and interest remaining unpaid on a certain mortgage, and an action, inter alia, for a judgment declaring that Jacques Blinbaum and Cathedral Court Associates must accept prepayment of the subject mortgage, if tendered, without a penalty or prepayment fee, the petitioner Cathedral Properties Corp. appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (O'Connell, J.), entered February 21, 2007, as, sua sponte, dismissed the sixth cause of action, inter alia, to recover damages for breach of contract.

Ordered that on the Court's own motion, the notice of appeal from the order is treated as an application for leave to appeal, and leave to appeal from the order is granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the order is affirmed insofar as appealed from, with costs.

The petitioner Cathedral Properties Corp. (hereinafter Cathedral Properties) is a cooperative housing corporation which owns an apartment complex. The respondent Cathedral Court Associates (hereinafter Court Associates) was the former owner of the apartment complex and was its conversion sponsor. The

respondent Jacques Blinbaum is a principal of Court Associates. When Court Associates transferred title to the apartment complex to Cathedral Properties, the property became encumbered by a purchase-money wraparound mortgage (hereinafter the mortgage) held by the respondents.

On a prior appeal from the order appealed from, we held that the Supreme Court erred in granting that branch of Cathedral Properties' motion which was, in effect, for summary judgment declaring that the respondents must accept prepayment of the mortgage without a penalty or prepayment fee (*see Matter of Cathedral Props. Corp. v Blinbaum*, 44 AD3d 852, 853-854 [2007]). We noted that the mortgage and extension agreement unambiguously prohibited prepayment and that Blinbaum's conduct in preparing an unsigned "Mortgage Analysis," showing a payoff amount for the mortgage (including a 2% prepayment penalty), was only a rejected offer at most and did not change the terms of the mortgage (*id.* at 854). We also rejected Cathedral Properties' remaining contention that the respondents had an obligation to accept prepayment because certain disclosures made by the respondents in an offering plan it submitted to the Department of State pursuant to General Business Law § 352-e before the mortgage was signed (indicating that the mortgage would be prepayable) trumped the terms of the mortgage and extension agreement later signed by Cathedral Properties (*id.*) Accordingly, we determined that the respondents had no duty, contractual or otherwise, to accept prepayment of the mortgage. In light of our determination that the respondents have no contractual obligation to accept prepayment of the mortgage, the sixth cause of action, which seeks damages for breach of an alleged contractual obligation to accept prepayment of the mortgage and specific performance of that obligation, was properly dismissed. Prudenti, P.J., Santucci, McCarthy and Chambers, JJ., concur.